Memorandum. Defendant pleaded guilty to robbery, third degree, on October 1, 1963, after some preliminary discussion with the Judge as to his guilt or innocence. He was represented by counsel. Immediately after the plea, the Judge questioned defendant on the record at some length as to his participation in the crime, which defendant admitted. Prior to imposition of sentence on December 16, 1963, defendant moved to withdraw his plea of guilty on the ground he was not guilty. His counsel did not join in the motion and seems not to have favored it.
The Judge directed a hearing on this motion in which the defendant, his lawyer and the assistant district attorney were *713 each ‘1 called by the court ’ ’, as the record shows, and were examined by the Judge. In the course of this examination, conversatians between counsel and defendant relating to defendant’s guilt were inquired into.
Although apparently counsel still continued to represent him, defendant was at this critical stage of the proceeding — whether the motion to withdraw the plea should have been granted or denied — deprived of the effective assistance of counsel. It is difficult, if not impossible, for counsel effectively to represent the right of the accused to have judicial consideration given to his motion to withdraw a plea of guilty, where counsel is himself called as a witness in an inquiry which penetrates deeply into the intraprofessional relationship, especially where counsel apparently did not favor the making of the motion. (Ferguson v. Georgia, 365 U. S. 570; People v. Wilson, 15 N Y 2d 634.) In these circumstances it would seem to have been needful to assign other counsel.
The judgment should be reversed and a new hearing ordered on the question whether defendant’s motion to withdraw his plea should have been granted or denied.
Chief Judge Fuld and Judges Burke, Bergan, Keating and Breitel concur in memorandum; Judges Van Voorhis and Scileppi dissent and vote to affirm.
Judgment reversed and a new hearing ordered in a memorandum.