■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES SUTTON, Appellant.— Judgment unanimously affirmed. Memorandum: The sentencing court properly exercised its discretion in denying defendant's application, on the day set for sentencing, to withdraw his plea of guilty of burglary third degree and reinstate his original plea of not guilty to the three-count indictment against him, charging burglary third degree, grand larceny third degree and conspiracy third degree. More than a month earlier defendant had been permitted to withdraw his plea of not guilty and enter said guilty plea in satisfaction of the indictment. -Before accepting such plea, in the presence of defendant's assigned counsel the court had asked the usual precautionary questions of defendant, to which the defendant answered that he was changing his plea of his own free will and was knowingly waiving his right to jury or nonjury trial; and he admitted that " on the 9th day of April, 1970 in this city (Syracuse) with intent to commit the crime of burglary  *  *  *  (he)  *  *  *  knowingly entered and remained unlawfully in the building of Pat Bombard Buick, Inc.". On the day of sentencing, when asked if he knew of any legal reason why sentence should not be pronounced upon him, he answered, " No, I would like to change my plea, though ". When asked why, he replied, " Sir, I, there may be, you know, a chance to  *  *  *  make up my mind." The following exchange between the court and the defendant then appears in the sentencing minutes: ¶ " THE COURT: You heard this morning you might be sentenced to an institution, is that the reason why you want to withdraw your plea? DEFENDANT: Yes sir. THE COURT: That's what I thought. Any other reason you want to give why you want to withdraw your plea? Is there any question about your plea that you entered, where you admitted to the commission of the crime of burglary, 3rd degree, as entered on July 1st, 1970? DEFENDANT: No sir. THE COURT: I see no reason for me to permit you to withdraw your plea. DEFENDANT: Yes sir." Defendant also admitted that before he pleaded guilty no promise had been made to him by anybody. ¶ Defendant's principal argument on this appeal for reversal is that his assigned counsel demonstrated a lack of sympathy for defendant's desire to withdraw his guilty plea, that the court questioned the attorney to explain why defendant .wished to withdraw his plea, and that the attorney stated his opinion thereof, based in part upon the confidential attorney-client relationship; and he relies. upon *People* v. *Boyd* (22 N Y 2d 707), *People* v. *Rozzell* (20 N Y 2d 712) and *People* v. *Wilson* (15 N Y 2d 634). The principle of those cases, however, is not applicable to the facts of this case where defendant did not deny his guilt and gave insufficient reason for withdrawing his plea, on the basis of which the court determined to deny the application. The questions by the court addressed to defendant's attorney were solely in

the interest of ascertaining in good faith for defendant's benefit whether defendant really had a valid reason to withdraw his plea; and thereafter the court gave defendant's attorney an opportunity to speak in defendant's behalf before sentence was pronounced. We find no error in this procedure. (Appeal from judgment of Onondaga County Court convicting defendant of burglary, third degree.) Present — Marsh, J. P., Witmer, Moule, Cardamone and Henry, JJ.