■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH MACK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 9, 1979, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. Case remitted to Criminal Term to hear and report on defendant's motion to withdraw his plea, at which hearing new counsel shall be appointed to represent defendant, and appeal held in abeyance in the interim (see *People v Rozzell,* 20 NY2d 712; *People v Bowers,* 45 AD2d 241; *People v Williams,* 55 AD2d 923). Criminal Term shall file its report with all convenient speed. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FELIX MARQUEZ, Respondent.—Appeal by the People from an order of the Supreme Court, Richmond County, entered November 14, 1979, which granted the defendant's motion to dismiss his indictment. Order reversed, on the law, and indictment reinstated, without prejudice to a renewal of the defendant's motion on proper papers before another Judge. The court improperly granted the defendant's motion to dismiss his indictment because there was a failure to give proper notice to the People or fully explore the issues. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS MOSQUEDO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered June 14, 1978, convicting him of burglary in the third degree and petit larceny, upon a jury verdict, and imposing sentence. Judgment affirmed *(United States v Gutterman,* 147 F2d 540; see Ann., 157 ALR 1225; *People v Smith,* 31 AD2d 847). Damiani, J. P., Lazer, Gibbons and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR NIEVES, Appellant.—Appeal by defendant, as limited by his brief, from an amended sentence of the Supreme Court, Kings County, imposed November 1, 1977, which revoked probation and resentenced him to an indeterminate term of imprisonment with a maximum of seven years. Amended sentence reversed, as a matter of discretion in the interest of justice, and matter remitted to Criminal Term for further proceedings consistent herewith. As the District Attorney candidly concedes the matter must be remitted to Criminal Term for resentencing due to the failure of the sentencing court to accord the defendant his rights pursuant to CPL 380.50. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.