■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK SANTOLI, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 27, 1979, convicting him of criminal possession of stolen property in the second degree and conspiracy in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the facts, indictment dismissed, and case remitted to the Supreme Court, Queens County, for entry of an order in its discretion pursuant to CPL 160.50. The quantum of the evidence adduced against defendant was insufficient to prove his guilt of the crimes charged beyond a reasonable doubt. We note in this regard that a critical piece of testimonial evidence consisted of the undercover officer's conclusory interpretation of a common word, viz., "traceable", used by the defendant in conversation with the officers; such interpretation, which permitted an inference of criminality, was unsupported by the record. Mollen, P.J., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE SCALA, Appellant. — Two judgments of the Supreme Court, Queens County, both rendered September 27, 1979, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P.J., Cohalan, Margett and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER SHADNEY, Also Known as PERRY A. JOHNSON, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County, rendered April 15, 1980, convicting him of grand larceny in the second degree, upon a plea of guilty, and imposing sentence. Case remitted to the County Court, Nassau County, to hear and report on defendant's motion to withdraw his plea, at which hearing new counsel shall be appointed to represent the defendant, and appeal held in abeyance in the interim. The County Court shall file its report with all convenient speed. Owing to the adversary posture adopted by defendant's counsel upon his client's *pro se* motion to withdraw his negotiated plea, the court should not have proceeded to determine that motion without first assigning the defendant different counsel to represent him on that application (see *People v Rozzell,* 20 NY2d 712; *People v Wilson,* 15 NY2d 634; see, also, *People v Boyd,* 22 NY2d 707; *People v Mack,* 75 AD2d 858; cf. *People v Sutton,* 39 AD2d 820). Mollen, P.J., Cohalan, Margett and O'Connor, JJ., concur.