Patrick SANTOLI, Plaintiff,

v.

CITY OF NEW YORK, Edward I. Koch, as Mayor of the City of New York, the New York City Police Department, and Benjamin Ward, as Police Commissioner of the New York City Police Department, Defendants.

No. 84 Civ. 6908 (RWS).

United States District Court, S.D. New York.

June 27, 1985.

Richard Hartman, Little Neck, N.Y., for plaintiff; Raymond E. Kerno, Gerard T. Breen, Little Neck, N.Y., of counsel.

Frederick A.O. Schwarz, Jr., Corp. Counsel, New York City, for defendants; Beth Schwartz, Elizabeth Dale Kendrick, New York City, of counsel.

OPINION

SWEET, District Judge.

The defendants City of New York, Edward I. Koch, as Mayor of the City of New York, the New York City Police Department, and Benjamin Ward, as Police Commissioner of the New York City Police Department (collectively the "City") have moved under Fed.R.Civ.P. 12(b)(1) and (6) for judgment dismissing the complaint of plaintiff Patrick Santoli ("Santoli") brought under 42 U.S.C. § 1983 seeking a declaration that the termination and later denial of his reinstatement as a New York City Police Department detective is unconstitutional. *Greene v. McGuire*, 683 F.2d 32 (2d Cir.1982), requires the City's motion be granted, and judgment will be entered dismissing the complaint.

Santoli was appointed as a probationary police officer, New York City Police Department, on June 30, 1969 and in November, 1969 Santoli was assigned as a patrolman to the 13th Precinct in Manhattan and then in November, 1971 to the Auto Crime Unit. In November, 1973 he was promoted to the rank of detective, New York City Police Department. Thereafter Santoli was decorated with three meritorious awards and approximately 12 excellent police duty awards.

However, in 1978 Santoli was indicted for criminal possession of stolen property, namely, a single object, a telephone interception detective device, known as an "O-Light." The officers of VGS Services, a personal property and baggage delivery company, located near John F. Kennedy International Airport, were also indicted. According to Santoli, his only connection with VGS was that of an occasional deliverer of baggage, at most once or twice a week, performed while on his way home. The defendants, other than Santoli and one other, pleaded guilty.

Although Santoli was named in an indictment involving only the O-Light, that indictment was consolidated with the indictment against the officer of VGS. At the trial the only direct evidence introduced

against Santoli was his statement to an undercover detective that the telephone interception detection device was "traceable." Santoli was convicted.

The Supreme Court, Appellate Division, Second Department, on appeal held that Santoli's utterance of the word "traceable" could not be found as a matter of law to have the meaning ascribed to it by the undercover officer and that reliance upon the undercover officer's interpretation of the word "traceable" to mean criminal activity on Santoli's part was not supported by the evidence adduced at the trial. The conviction was reversed. *People v. Santoli*, 81 A.D.2d 842, 438 N.Y.S.2d 847 (2d Dept.1981).

When Santoli was convicted, he was dismissed from the New York City Police Department by operation of law, Public Officers Law § 30(1)(e), and his position deemed vacated. When the conviction was reversed, Santoli sought reinstatement to the New York City Police Department, by written application, dated September 18, 1981. On September 3, 1982 the Hearing Officer recommended that Santoli not be reinstated to the Police Department and that he receive no hearing in connection thereto. The Police Commissioner adopted the recommendation on September 17, 1982.

On December 1, 1982, Santoli initiated an Article 78 proceeding contending that the respondents' refusal to reinstate him or, in the alternative, to grant him a departmental hearing upon the charges and specifications was illegal, contrary to law, arbitrary and capricious. On March 21, 1983, the petition for a judgment pursuant to Article 78 was denied, and the denial was affirmed unanimously and without written opinion on March 15, 1984, *Matter of Santoli v. McGuire*, 99 A.D.2d 987, 472 N.Y.S.2d 866 (1st Dept.1984). Thereafter, application for leave to appeal to the New York State Court of Appeals was denied. *Matter of Santoli v. McGuire*, 62 N.Y.2d 604, 478 N.Y.S.2d 1023, 467 N.E.2d 532 (1984).

The City relies on *res judicata* grounds, recognizing however, that the constitution-

al ground here asserted was not raised in the state court Article 78 proceeding. Indeed, Santoli points out authority for the proposition that the constitutionality of the Public Officer Law could not have been raised in his state court proceeding. Because *Greene v. McGuire, supra,* is controlling, the issue of the interrelationship of an Article 78 proceeding and a § 1983 action need not be resolved.

*Greene* is indistinguishable from the case at hand. There as here the criminal conviction of a police officer triggered dismissal under Public Officers Law § 30(1)(e). The conviction was later reversed. Notwithstanding, the Court of Appeals reversed the lower court which had held that some process was required before dismissal. It was concluded that Greene's property interest was extinguished by his conviction by operation of the state statute.

Santoli sought upon argument to distinguish *Greene* by virtue of the nature of the reversal, terming Greene's reversal to have been based on technical grounds and Santoli's on the merits. It was urged that Santoli's reversal amounted to a verdict of innocent. Santoli also urges that our Court of Appeals misread *Toro v. Malcolm,* 44 N.Y.2d 146, 375 N.E.2d 739, 404 N.Y.S.2d 558 (1978) upon which its reasoning was based.

Despite Santoli's argument, I cannot convert the reversal of his conviction into a finding of innocence, and even if I could, *Greene's* reasoning would still in my view be applicable. If it is felt, as expressed in the concurrence in *Greene* that the New York law may be over-rigid, any change cannot be achieved in this court under the existing authorities.

The motion is granted and judgment will be entered dismissing the complaint.

IT IS SO ORDERED.