■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH HAYES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered March 4, 1983, convicting him of robbery in the first degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress identification testimony.

Judgment modified, on the law and the facts, by reversing defendant's conviction of attempted murder in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment as to him. As so modified, judgment affirmed.

On the evening of November 24, 1981, the complainant, John Pierre-Canel, was at the intersection of Veronica Place and Courtelyou Road in Brooklyn, when he was approached by two persons, whom he later identified as defendant and codefendant Curtis Lewis, who told him to raise his hands and let them have everything that he had. Lewis ordered defendant to search the victim, but defendant refused, and Lewis himself then went behind Pierre-Canel and removed his wallet from his pants' pocket, while defendant remained standing directly in front of the complainant, blocking his path. After taking the wallet, Lewis shot Pierre-Canel in the back, and he and defendant fled, only to be apprehended by the police minutes later, one or two blocks from the scene. Defendant and Lewis were brought back to the scene, where they were identified by Pierre-Canel, who also later identified them at the hospital. As a result of the crime, Mr. Pierre-Canel suffered some permanent paralysis.

Following the *Wade* hearing, the two out-of-court identifications were suppressed, on the ground that the police, having had only a vague description of the assailants, had not had probable cause to arrest defendant and Lewis. However, the hearing court further ruled that the complainant would be allowed to identify defendant and Lewis at trial, as he had had sufficient time to observe his assailants during the robbery, and his in-court identification therefore would be supported by an independent source. We agree with the hearing court that the People proved by clear and convincing evidence at the hearing that Mr. Pierre-Canel had an ample opportunity to view the robbers during the commission of the crime, and that a sufficient independent basis existed for his in-court identification of defendant *(see, United States v Crews,* 445 US

463; *People v Ballott,* 20 NY2d 600, 606). Defendant's contention to the contrary is without merit.

We also reject defendant's contentions that his convictions for robbery and criminal possession of a weapon were not supported by the evidence. Viewing the evidence in the light most favorable to the People, as we are required to do *(see, e.g., People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), we find that the evidence in this case is sufficient to support both of these convictions, as " '*any* rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt' " *(People v Contes,* 60 NY2d 620, 621, quoting from *Jackson v Virginia,* 443 US 307, 319). In order to hold an accessory criminally liable for acts committed by his principal, the People must establish, beyond a reasonable doubt, that the accessory possessed the requisite mental culpability for the crime charged *(see,* Penal Law § 20.00; *People v La Belle,* 18 NY2d 405). In the instant case there was testimony that both defendant and Lewis instructed complainant to raise up his hands and give them everything that he had, indicating that they were armed, and that defendant blocked the complainant's way while Lewis emptied his pockets. Further, after the potentially fatal shot was fired, defendant fled with Lewis, and was shortly thereafter apprehended while still in his company. We find, from the above evidence of his active participation in the crimes, that the jury could infer that defendant acted with the mental culpability required for the crimes of robbery in the first degree and criminal possession of a weapon *(see, People v Williams,* 114 AD2d 385; *People v Bell,* 94 AD2d 894, *affd* 63 NY2d 796).

However, we find that the evidence was insufficient to support the defendant's conviction for attempted murder in the second degree. In order to sustain such a conviction, the People were required to prove that the defendant "solicit[ed] request[ed] command[ed], importun[ed], or intentionally aid[ed]" Lewis in his attempt to kill the complainant, and that he shared Lewis' specific intent to cause the complainant's death *(see, People v La Belle,* 18 NY2d 405, 412, *supra;* Penal Law §§ 20.00, 125.25). But "where the purpose established is less in degree than such an intention, and where the record shows merely a spontaneous act of homicide by one, the other is not, without a greater showing of a personal design to kill, guilty of murder" *(People v Monaco,* 14 NY2d 43, 46). Therefore, absent proof of a willful intent to kill on the part of defendant, or of defendant's participation in Lewis' attempt to kill Pierre-Canel, Lewis' act of shooting and attempting to kill

the complainant cannot be attributed to the defendant *(see, People v Monaco,* 14 NY2d 43, *supra; People v May,* 9 AD2d 508).* The People failed to prove, beyond a reasonable doubt, that the defendant possessed the specific intent to cause the death of Mr. Pierre-Canel, and therefore, his conviction on the count of the indictment charging him with attempted murder in the second degree must be reversed, and that count of the indictment dismissed as to him.

We have examined the defendant's remaining contentions, and find them to be without merit. Lazer, J. P., Rubin, Kunzeman and Kooper, JJ., concur.