■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK D. BROWN, Appellant.—Levine, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered June 18, 1985, convicting defendant upon his plea of guilty of the crime of murder in the second degree.

Defendant was indicted for murder in the second degree and assault in the first degree arising out of his participation with Mark Henderson in the beating and murder of a visitor to defendant's apartment. The pertinent facts of the crime, as related by defendant in a written confession, were as follows. Defendant and Henderson got into a fight with the victim while at defendant's apartment and defendant hit the victim on the shoulders with a board. Henderson then hit the victim over the head several times with the same board and pounded his head on the floor until he was unconscious. Defendant and Henderson wrapped the unconscious victim in a blanket, carried him out of the apartment, and placed him under the porch of an abandoned house. Later that evening, Henderson stated to defendant that he was going back to kill the victim. Defendant returned to the abandoned house with Henderson, who then slit the victim's throat. Defendant and Henderson placed the body back under the house and Henderson then called the police to report finding a dead body.

As part of a plea bargain, defendant pleaded guilty to

murder in the second degree in full satisfaction of the indictment. Prior to his scheduled sentencing, defendant moved to withdraw the guilty plea claiming that (1) new evidence consisting of statements made by Henderson to various persons in jail established that defendant was not criminally responsible for the victim's murder, and (2) his attorney had coerced his guilty plea by getting his wife drunk and pressuring her into inducing defendant to plead guilty. County Court heard argument from counsel on defendant's claim that new evidence mandated that his plea be vacated and conducted a hearing on defense counsel's alleged coercion of defendant's plea. The motion was denied in its entirety and defendant was sentenced as promised to 15 years to life in prison.

On appeal defendant contends that County Court abused its discretion in refusing to vacate his guilty plea. He argues that the statements made by Henderson exculpated him of murder in the second degree, the plea colloquy did not contain a sufficient factual basis to establish his intent to kill the victim, and his plea was not voluntary and knowing. He also maintains that he was denied the effective assistance of counsel as a result of County Court's failure to assign him new counsel for the hearing conducted on his attorney's alleged coercion of his plea. We now affirm.

Defendant's contention that the statements made by Henderson constituted newly discovered evidence which was sufficiently exculpatory to mandate that County Court vacate his plea is without merit. Statutory provisions for setting aside a verdict or vacating a judgment after a full trial on the ground of newly discovered evidence (see, CPL 330.30 [3]; 440.10 [1] [g]), while not directly applicable on a motion to withdraw a guilty plea, provide useful criteria for the exercise of judicial discretion on such a motion, inasmuch as they represent legislative standards for assessing whether such evidence should entitle a defendant to relief from a criminal conviction (see, People v Latella, 112 AD2d 321, 322). Pursuant to CPL 330.30 (3) and 440.10 (1) (g), a verdict or judgment, respectively, may be vacated on the grounds of newly discovered evidence only if the evidence "could not have been produced by the defendant at the trial even with due diligence on his part" and the evidence "is of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant". The evidence offered by defendant here does not meet this standard. It consists in unsubstantiated, inadmissible hearsay of statements allegedly made by Henderson. The statements,

purportedly to the effect that defendant did not actually participate in the murder, merely contradicted the inculpatory admissions made by defendant in his written confession and at the plea colloquy and the confession of Henderson *(see, People v Latella, supra,* pp 322-323). Defendant has not explained why he could not have obtained the exculpatory evidence from Henderson, who was in jail and thus available, before entering his guilty plea. Moreover, any statement by Henderson exonerating defendant would have been nothing more than a recantation of the portion of his confession fully implicating defendant. Recantation evidence is inherently unreliable and is insufficient alone to require setting aside a conviction *(People v Allison,* 119 AD2d 1005, *lv denied* 68 NY2d 665; *People v Donald,* 107 AD2d 818, 819; *People v Dukes,* 106 AD2d 906, 907). Given all of the foregoing, we are not persuaded that this evidence would have engendered a different result had it been discovered prior to the time defendant entered his plea.

We are similarly unpersuaded by defendant's claim that no factual basis existed in the plea colloquy to establish his guilt of murder in the second degree. Since Henderson committed the actual act of slitting the victim's throat, defendant could not be found guilty of murder in the second degree unless it was established that, with the specific intent to cause death, he solicited, requested, demanded, importuned or intentionally aided the codefendant in murdering the victim (Penal Law §§ 20.00, 125.25; *People v Hayes,* 117 AD2d 621, 622; *People v Bosque,* 78 AD2d 986, *cert denied* 451 US 992). However, defendant's statement during the plea colloquy to the effect that after Henderson told him he was going to finish the victim off, "we went to finish him off", in conjunction with defendant's admitted participation in the beating and of the disposal of the victim's body, was sufficient to establish that defendant intentionally aided in the murder and that it was the purpose of both defendant and Henderson to kill the victim *(see,* Penal Law §§ 20.00, 125.20; *People v Bosque, supra; cf. People v La Belle,* 18 NY2d 405, 411-413; *People v Monaco,* 14 NY2d 43, 45-47; *People v Hayes, supra; People v McLean,* 107 AD2d 167, 169-170, *affd* 65 NY2d 758).

We also reject defendant's contention that County Court should have assigned new counsel for the hearing on his attorney's alleged coercion of his plea. If defendant's proof had shown some factual basis for his claim of coercion, defendant might have been prejudiced at the hearing since his then-attorney could have been reluctant to testify or to call defen-

dant's wife as a witness to corroborate defendant's version of the facts. However, at the hearing defendant essentially admitted facts negating coercion and stated that he had pleaded guilty because he feared he would be convicted after a trial and receive a greater sentence than the 15 years to life term offered as part of the plea bargain. Accordingly, defendant was not prejudiced by County Court's failure to substitute attorneys (see, People v Kelsch, 96 AD2d 677, 678-679; People v Sutton, 39 AD2d 820; cf. People v Rozzell, 20 NY2d 712; People v Wilson, 91 AD2d 1052; People v Shadney, 81 AD2d 842; People v Mack, 75 AD2d 858). Additionally, during the plea colloquy defendant was directly asked several times if he had been threatened or coerced into entering his guilty plea. Each time he answered in the negative. The foregoing sufficiently establishes that defendant's plea was voluntary and knowing.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.