■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OTIS GLASPER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered April 4, 1983, convicting him of murder in the second degree (two counts) and burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Upon our review of the record, we find that the court

properly exercised its discretion in denying the defendant's *pro se* application, in which defense counsel joined, to withdraw his guilty plea *(see,* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 524-525). The record establishes that the defendant, while represented by competent counsel, with whose services the defendant expressed satisfaction, knowingly, voluntarily and intelligently waived his rights and pleaded guilty *(see, People v Harris,* 61 NY2d 9). Significantly, during the plea allocution the defendant denied being threatened or coerced into entering his guilty plea. Moreover, the defendant had given an inculpatory statement to the police which fully implicated him in the crimes to which he pleaded guilty. Thus, the defendant's decision to plead guilty appeared to be a calculated decision to reduce his sentencing exposure. His claim that his guilty plea was the result of coercion has no factual basis in the record.

We further reject the defendant's contention that the County Court should have assigned new counsel on his application to withdraw his plea. In view of the fact that the defendant's plea allocution essentially negates his claim of coercion and no other factual predicate therefor has been advanced, the defendant suffered no discernible prejudice in his counsel's failure to amplify his *pro se* contentions *(see, People v Brown,* 126 AD2d 898, 900-901; *People v Kelsch,* 96 AD2d 677, 678-679). Contrary to the defendant's argument, the defense counsel did not adopt an adversary posture against him on the application to withdraw the plea *(cf., People v Shadney,* 81 AD2d 842). Thompson, J. P., Eiber, Kunzeman, Spatt and Balletta, JJ., concur.