■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SANTANA, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Kings County (Marrus, J.), both rendered April 8, 1987, convicting him of sodomy in the first degree (two counts), sexual abuse in the first degree (two counts) and endangering the welfare of a child under indictment No. 7249/86, and sodomy in the first degree (41 counts), sexual abuse in the first degree (two counts), sodomy in the second degree and endangering the welfare of a child under indictment No. 751/87, upon his pleas of guilty, and imposing sentences.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on the defendant's motion to withdraw his pleas, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

On March 18, 1987, the defendant entered pleas of guilty to numerous counts of sodomy and sexual abuse in connection with two pending indictments. The transcript of the plea indicates that the defendant was informed of and waived his so-called *Boykin* rights *(see, Boykin v Alabama,* 395 US 238;

*People v Harris,* 61 NY2d 9), that he acknowledged that he had been given an adequate opportunity to consult with his attorney, and that he was pleading guilty voluntarily. After the factual allocution, the defendant's pleas of guilty were duly entered.

At sentence several weeks later, the defendant made a *pro se* application for permission to withdraw his guilty pleas, alleging that he had been confused ever since he was arrested and that he had not been given adequate information regarding the charges against him. Believing that the defendant did not think he had been adequately represented, defense counsel asked to be relieved. Without passing upon this request, the sentencing court asked defense counsel whether he thought that he had had an adequate opportunity to discuss the matter with the defendant before the plea was entered. Thereupon, defense counsel embarked on a lengthy dissertation regarding all that he had done on the defendant's behalf, and remarked that "the defendant is now having a change of heart in spending seven and a half to fifteen years in jail on top of the time he owes on parole and he's blaming me and it's a time-honored tactic". The defendant's application was ultimately denied, and the bargained-for sentences imposed.

The defendant's right to counsel was adversely affected when his attorney, either voluntarily or at the court's urging, became a witness against him *(see, People v Rozzell,* 20 NY2d 712; *People v Wilson,* 91 AD2d 1052). If the court deemed it necessary to obtain factual information from defense counsel, it should have assigned the defendant different counsel before doing so *(see, People v Rozzell, supra; People v Wilson, supra).* Moreover, once counsel took a position adverse to the defendant, the court should not have proceeded to determine the motion without first assigning the defendant new counsel *(see, People v Wilson,* 15 NY2d 634; *People v Shadney,* 81 AD2d 842). Thus, the matter is remitted for a new determination at which the defendant shall be represented by different counsel. At this juncture, we voice no opinion as to the substantive merit of the defendant's application. Brown, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.