■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN McCRAY, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered November 29, 1989, convicting defendant, upon his plea of guilty, of manslaughter in the first degree and assault in the first degree and sentencing him to concurrent prison terms of 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

The court did not err in deciding defendant's plea withdrawal motion without first holding a hearing or assigning new counsel. In distinction to People v Santana (156 AD2d 736), in this case, based on the extensive colloquy at defendant's second plea of guilty which was entered as jury selection was about to commence, some seven months after defendant had been permitted to withdraw his first plea of guilty and been assigned new counsel, and only after defendant had inquired and been informed that the prosecution's key witness was still available to testify, the court properly found that defendant's unsupported statement at sentencing that he had been coerced and that he was unaware of the consequences of his plea presented no legitimate factual issues warranting further inquiry. Under these circumstances, it is clear that the court's determination denying the motion was in no way dependent upon defense counsel's brief acknowledgement of the court's rhetorical question.

Furthermore, the court clearly demonstrated leniency in sentencing defendant based upon the negotiated terms, and we see no reason to reduce defendant's sentence. Concur—Milonas, J. P., Ellerin, Ross and Asch, JJ.