■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD RODRIGUEZ, Also Known as GERALDO RODRIGUEZ, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered August 4, 1988, convicting defendant, upon his plea of guilty, of murder in the second degree, attempted assault in the first degree, and two counts of robbery in the

first degree, and which sentenced him to terms of 15 years to life, 1 to 3 years, and two terms of imprisonment of 2 to 6 years, respectively, all sentences to run concurrently, unanimously affirmed.

Defendant was not deprived of his right to effective assistance of counsel at the sentencing proceeding. While it is true that a defendant's right to counsel is adversely affected "when his attorney, either voluntarily or at the court's urging, [becomes] a witness against him" *(People v Santana,* 156 AD2d 736, 737; *People v Rozzell,* 20 NY2d 712), it is clear from the record that the trial court considered and denied defendant's motion to withdraw his guilty plea *before* defense counsel made statements controverting defendant's contention that counsel had pressured him into pleading guilty. Since counsel's remarks did not affect the trial court's determination, it was not necessary to assign new counsel before existing counsel was allowed to put his remarks on the record *(compare, supra).* Further, in the circumstances, we conclude that in light of the advantageous plea bargain arrangement, defendant's legal representation was meaningful *(see, People v Thompson,* 162 AD2d 153, *lv denied* 76 NY2d 945). Concur— Carro, J. P., Milonas, Rosenberger, Ross and Rubin, JJ.