■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY PERNELL, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered September 20, 1988, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly refused to suppress his inculpatory statements to police detectives. The defendant's statements were made after he had been advised of his rights pursuant to *Miranda v Arizona* (384 US 436), and after he had knowingly, intelligently, and voluntarily waived those rights *(see, People v Crawford,* 186 AD2d 144; *People v Kranz,* 180 AD2d 760). The testimony adduced at the hearing demonstrated that the investigating detectives did not engage in coercive tactics, or

in conduct so fundamentally unfair as to deny the defendant due process of law *(see, People v Myers,* 172 AD2d 632; *see also, People v Whiten,* 183 AD2d 865).

We further find that the County Court properly denied the defendant's *pro se* application to withdraw his guilty plea. The defendant pleaded guilty after a complete and detailed plea allocution, during which he expressed satisfaction with his attorney, and was fully apprised of the consequences of his plea of guilty *(see, People v Harris,* 61 NY2d 9). In the absence of anything in the record to suggest that the defendant's plea was either improvident or baseless, his assertions that he was "upset" on the day of the plea allocution, and that he could not "do" the prison time he faced under the terms of the plea agreement, were insufficient to warrant withdrawal of his plea *(see, People v Bourdonnay,* 160 AD2d 1014). Further, under the circumstances of this case, that the defense counsel allowed the defendant to proceed *pro se* on his application to withdraw his guilty plea did not constitute ineffective assistance of counsel *(see, People v Rodriguez,* 181 AD2d 643; *People v Burgos,* 177 AD2d 587; *People v Bourdonnay, supra; People v Glasper,* 151 AD2d 692). Further, contrary to the defendant's argument, the defense counsel did not adopt an adversary posture against him with respect to his *pro se* application to withdraw the plea *(cf., People v Santana,* 156 AD2d 736; *People v Shadney,* 81 AD2d 842). Lawrence, J. P., Eiber, Miller and Pizzuto, JJ., concur.