THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS KELLAR, Appellant. [624 NYS2d 712] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Prior to sentencing, defendant moved to withdraw his plea of guilty to the charge of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]) on the grounds that he did not possess the gun on the day in question and that he was denied effective assistance of counsel. Defendant also sought to have a new attorney assigned to represent him. The assigned attorney requested permission to withdraw as counsel. After reviewing the efforts he had made on defendant's behalf, he stated that, although defendant "has a right to his opinion that he is not satisfied with my representation, the record should reflect that the basis for [his] opinion cannot reasonably include a lack of diligent attention to this case". Defendant's attorney also stated that, contrary to defendant's assertion, he did not tell defendant to plead guilty. At sentencing, the court denied the motion.

Defendant was denied effective assistance of counsel when his attorney, "either voluntarily or at the court's urging, became a witness against him" *(People v Santana,* 156 AD2d 736, 737; *see, People v Rozzell,* 20 NY2d 712; *People v Welsh,* 207 AD2d 1025; *People v Wilson,* 91 AD2d 1052). The court should not have determined the motion of defendant to withdraw his plea of guilty without first assigning a different attorney to represent defendant *(see, People v Welsh, supra; People v Shadney,* 81 AD2d 842; *People v Driscoll,* 30 AD2d 793). Thus, we reserve decision and remit the matter to

Supreme Court for a de novo determination of the motion of defendant to withdraw his plea of guilty *(see, People v Welsh, supra).* (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Fallon, Callahan and Davis, JJ.