■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HUMBERT, Appellant. [631 NYS2d 724] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered July 22, 1992, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the matter is remitted to the County Court, Nassau County, to hear and report on the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The County Court, Nassau County, shall file its report with all convenient speed.

In response to the defendant's application for permission to withdraw his plea of guilty, the defense counsel stressed what he had done on the defendant's behalf and specifically

controverted the defendant's contention that he had pressured him into pleading guilty. Under these circumstances, the "defendant's right to counsel was adversely affected when his attorney * * * became a witness against him", and the court "should not have proceeded to determine the motion without first assigning the defendant new counsel" *(People v Santana,* 156 AD2d 736, 737; *see also, People v Rozzell,* 20 NY2d 712; *People v Wilson,* 91 AD2d 1052). Accordingly, the matter is remitted for a new determination at which the defendant shall be represented by appellate counsel. At this point, we express no opinion as to the merits of the defendant's application. Mangano, P. J., Joy, Krausman and Florio, JJ., concur.