■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINSTON RICHARDS, Appellant. [642 NYS2d 556] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered January 4, 1993, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court was not obligated to appoint new defense counsel in connection with his *pro se* motion to withdraw his plea of guilty. The defendant's counsel did not take a position adverse to that of his client and merely clarified the facts surrounding the initiation of plea negotiations. Moreover, the defendant agreed with counsel's statement of clarification. Accordingly, under the circumstances of this case, no conflict of interest or adversarial relationship warranting the assignment of new counsel was demonstrated (*see, People v Burgos,* 177 AD2d 587; *People v Glasper,* 151 AD2d 692; *People v Kelsch,* 96 AD2d 677; *cf., People v Spearman,* 210 AD2d 268; *People v Santana,* 156 AD2d 736).

Similarly unavailing is the defendant's contention that he was denied the effective assistance of counsel at sentencing. Counsel presented the relevant mitigating factors to the court and provided appropriate advice to his client during the defendant's statement to the court. Although the strategy adopted by counsel ultimately proved unsuccessful, it was clearly legitimate and the record demonstrates that the defendant was afforded meaningful representation (*see, People v Baldi,* 54 NY2d 137). Sullivan, J. P., Copertino, Santucci and Goldstein, JJ., concur.