THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTIONE MATTHEWS, Appellant. (Appeal No. 1.) [648 NYS2d 67]

—Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant entered an *Alford* plea to one count of burglary in the first degree and a plea of guilty to one count of robbery in the first degree in full satisfaction of two indictments, in exchange for a sentence of concurrent indeterminate terms of incarceration of 5 to 15 years. A week after the plea hearing, defendant wrote a letter to the Supervising Judge of the Criminal Courts, asserting his innocence and indicating that the pleas were entered under duress.

Defendant, his retained attorney and the prosecutor appeared in Supreme Court. Both the court and the prosecutor characterized defendant's letter as a motion to withdraw the pleas. Defense counsel indicated his belief that there was no reasonable ground for withdrawing the pleas. The court relieved defense counsel and appointed a new attorney to represent defendant. Approximately one month later, defendant appeared with his assigned attorney for sentencing. The assigned attorney requested an adjournment, indicating to the court that he had been reading through the "voluminous" record and conducting an investigation in preparation for a motion to withdraw the guilty pleas. The court denied the request for an adjournment and sentenced defendant to concurrent indeterminate terms of incarceration of 5 to 15 years.

On appeal, defendant argues that the court erred in sentencing him without determining his *pro se* motion to withdraw his pleas. We agree. When retained counsel became a witness against defendant, the court properly appointed new counsel before determining the motion (*see, People v Kellar,* 213 AD2d 1063; *People v Welsh,* 207 AD2d 1025; *People v Santana,* 156 AD2d 736, 737). The court erred, however, in not determining defendant's motion. Thus, we reserve decision and remit the matter to Supreme Court to determine defendant's motion. (Appeal from Judgment of Supreme Court, Erie County, Sheridan, J.—Burglary, 1st Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.