■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DELAGALA, Appellant. [649 NYS2d 20] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered November 10, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court, Nassau County, to hear and report on the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The County Court, Nassau County, shall file its report with all convenient speed.

In response to the defendant's application for permission to withdraw his plea of guilty, the defense counsel stressed that his client had never protested his innocence in his presence and specifically controverted the defendant's contention that he had pressured him into pleading guilty. As conceded by the People, under these circumstances, the " 'defendant's right to counsel was adversely affected when his attorney * * * became a witness against him' ", and the court " 'should not have proceeded to determine the motion without first assigning the defendant new counsel' " *(People v Humbert,* 219 AD2d 674, 675; *see also, People v Santana,* 156 AD2d 736). Accordingly, the matter is remitted for a new determination at which the defendant shall be represented by appellate counsel.

At this point, it is not necessary to express an opinion as to

the merits of the defendant's application or as to the claim of excessive sentence which the defendant raises on appeal. Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.