■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS YEPES RODAS, Appellant. [656 NYS2d 54] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered August 2, 1995, convicting him of criminal possession of a controlled substance in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the County Court,

Dutchess County, to hear and report on the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The County Court, Dutchess County, is to file its report with all convenient speed.

The defendant pleaded guilty to one count of criminal sale of a controlled substance in the first degree in connection with the recovery of over 400 pounds of cocaine in a house which the defendant was paid to keep clean and maintain. The defendant admitted that he knew that the house contained pounds of illegal narcotics. We reject the defendant's claim that the factual basis of his plea allocution was insufficient. While the defendant's mere presence in the house in which cocaine was found might not be sufficient to establish dominion and control (*see, People v Scott,* 206 AD2d 392, 393-394; *People v Edwards,* 206 AD2d 597), the defendant admitted sufficient facts to establish dominion and control over the cocaine which was recovered (*cf., People v Scott, supra,* at 394; *People v Edwards, supra,* at 597-598; *People v Headley,* 143 AD2d 937, 938, *affd* 74 NY2d 858).

Prior to sentencing, however, the defendant moved to vacate his plea on the basis, *inter alia,* that defense counsel had told him that he would not get a fair trial because Poughkeepsie was "a racist town". Asked by the court to respond, defense counsel denied the allegation and informed the court of what he had advised the defendant. The court then denied the defendant's motion.

"Under these circumstances, the 'defendant's right to counsel was adversely affected when his attorney * * * became a witness against him' and the court 'should not have proceeded to determine the motion without first assigning the defendant new counsel' " (*People v Jones,* 223 AD2d 559, quoting *People v Santana,* 156 AD2d 736, 737; *see, People v Humbert,* 219 AD2d 674). Accordingly, the matter is remitted for a new hearing on the defendant's application at which the defendant shall be represented by appellate counsel. At this point, we express no opinion as to the merits of the defendant's application. Miller, J. P., Thompson, Joy and Luciano, JJ., concur.