■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant. [664 NYS2d 360] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Clabby, J.), rendered July 24, 1995, convicting him of attempted rape in the first degree and rape in the second degree,

upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered July 24, 1995, revoking a sentence of probation previously imposed by the same court (Posner, J.), upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted burglary in the second degree.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

Initially, the defendant asserts that the Supreme Court erred in sentencing him as a violent predicate felon. However, the defendant waived this claim by failing to contest or controvert his status as a violent predicate felon when he had an opportunity to do so (see, People v Shriay, 240 AD2d 783; People v Hall, 233 AD2d 946; People v Hamilton, 205 AD2d 706; People v Khatib, 166 AD2d 668, 669).

However, prior to sentencing, the defendant moved to withdraw his plea of guilty on the ground, inter alia, that he was coerced by his counsel into taking the plea. The record indicates that defense counsel took a position adverse to the defendant and, essentially, became a witness against the defendant. Under these circumstances, the court should have first assigned new counsel to the defendant before deciding the defendant's motion (see, People v Rozzell, 20 NY2d 712; People v Rodas, 238 AD2d 358; People v Humbert, 219 AD2d 674). Thus, the matter is remitted to the Supreme Court to hear and report on the defendant's motion to withdraw his plea. At the hearing, the defendant shall be represented by appellate counsel. At this juncture, we express no opinion as to the substantive merit of the defendant's motion. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.