■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HAYNES, Appellant. [669 NYS2d 835] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered March 27, 1996, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Queens County, to hear and report on the defendant's motion to withdraw his plea, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The Supreme Court, Queens County, is to file its report with all convenient speed.

Taken as a whole, the record indicates the clear intent of the court to condition the promised sentence upon the defendant's appearance on the date scheduled for sentencing. Because the defendant absconded and failed to appear on the scheduled date, the court was no longer bound by its promise and was free to impose a longer sentence *(see, People v Gwynn,* 201 AD2d 501; *People v Gamble,* 111 AD2d 869).

At sentencing, the defendant made a *pro se* application for permission to withdraw his plea of guilty, alleging that his attorney had misinformed him about an aspect of the plea agreement. Thereafter, when given an opportunity to make a statement to the court, the defense counsel proceeded to refute his client's allegations and make other comments which were injurious to the defendant's case.

The defendant's right to counsel was adversely affected when his attorney became a witness against him *(see, People v Rozzell,* 20 NY2d 712; *People v Santana,* 156 AD2d 736). Once counsel took a position adverse to the defendant, the court should not have proceeded to determine the defendant's application to withdraw his plea without first assigning the defendant new counsel *(see, People v Wilson,* 15 NY2d 634; *People v Santana, supra).* Thus, the matter is remitted for a new determination at which the defendant shall be represented by appellate counsel. At this juncture, we voice no opinion as to the

merit of the defendant's application. Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.