■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO PITTMAN, Appellant. [705 NYS2d 920] —Case held, decision reserved and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon

in the second degree (Penal Law §§ 110.00, 265.03 [2]). Prior to sentencing, defendant made a *pro se* motion to withdraw his plea on the grounds that, *inter alia,* he was not provided with *Brady* material prior to the plea and defense counsel was ineffective. Upon Supreme Court's urging, defense counsel discussed the merits of defendant's motion, including making factual assertions contrary to that of defendant in his motion papers. "A defendant is denied effective assistance of counsel when his attorney, 'either voluntarily or at the court's urging, became a witness against him'" (*People v Chrysler,* 233 AD2d 928, quoting *People v Santana,* 156 AD2d 736, 737). The court should have assigned a different attorney to represent defendant before it determined the motion to withdraw the plea (*see, People v Burton,* 251 AD2d 1020; *People v Santana, supra,* at 737). We thus hold the case, reserve decision and remit the matter to Supreme Court for the assignment of counsel and a de novo determination of the motion to withdraw the guilty plea. (Appeal from Judgment of Supreme Court, Erie County, Buscaglia, J.—Attempted Criminal Possession Weapon, 2nd Degree.) Present—Green, J. P., Pine, Scudder and Lawton, JJ.