■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES CAPLE, Appellant. [720 NYS2d 166] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Klein, J.), rendered May 28, 1998, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The plea proceedings were conducted to ensure that the defendant's plea was voluntarily, knowingly, and intelligently made. At sentencing, the defendant moved *pro se* to withdraw his plea, offering only vague references to the stress he was allegedly under and headaches with which he was allegedly afflicted at the time of the plea proceedings. The sentencing court afforded the defendant every opportunity to elaborate on his motion to withdraw his plea. On appeal, the defendant concedes that he "floundered" when he was asked to be more specific as to the basis of the motion, but argues that his assigned counsel had a duty to assist him and did not make any effort to support his application. He argues further that the sentencing court should have assigned new counsel to assist him with his motion to withdraw his plea. We do not agree.

An attorney assigned to represent a defendant in a criminal case has no duty to participate in a baseless *pro se* motion to withdraw a plea of guilty which was voluntarily, knowingly, and intelligently made (*see, People v Friedman,* 39 NY2d 463; *People v Sosa,* 258 AD2d 312, 313; *People v Kelsch,* 96 AD2d 677, 678-679; *People v Sutton,* 39 AD2d 820). The sentencing court went to great lengths to ascertain the basis for the defendant's motion to withdraw his plea, and the only basis articulated by the defendant with any specificity was frivolous. Counsel had no duty to support such a motion.

Assigned counsel did not argue in opposition to the defendant's motion, become a witness against him, or make any statements which were adverse to him (*see, People v Wilder,* 246 AD2d 750; *cf., People v Cruz,* 244 AD2d 564; *People v Humbert,* 219 AD2d 674; *People v Kellar,* 213 AD2d 1063). Rather, counsel attempted to clarify the circumstances surrounding the plea proceedings (*see, People v Richards,* 227 AD2d 419). He did not contradict any assertions made by the defendant, and said nothing which could have been determinative in the sentencing court's denial of the motion (*see, People v Nawabi,* 265 AD2d 156). Therefore, the court properly denied the defendant's motion to withdraw his plea without assigning new counsel.

The defendant's remaining contention did not survive his waiver of his right to appeal (*see, People v Hidalgo,* 91 NY2d 733). In any event, it is without merit. Bracken, Acting P. J., O'Brien, Santucci and Florio, JJ., concur.