■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CACCAVALE, Appellant. [760 NYS2d 210] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Perrone, J.), rendered July 27, 2000, convicting him of robbery in the second degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the matter is remitted to the Supreme Court, Westchester County, to hear and report on the defendant's motion to withdraw his plea of guilty, on which motion the defendant's appellate counsel shall represent him, and the appeal is held in abeyance in the interim. The Supreme Court, Westchester County, shall file its report with all convenient speed.

The defendant's contention that his plea of guilty should not have been accepted by the Supreme Court without conducting a further inquiry is unpreserved for appellate review, and we decline to reach it in the exercise of our interest of justice jurisdiction (*see People v Washington,* 228 AD2d 457 [1996]). Contrary to the defendant's contention, the allocution did not actually negate an essential element of the crime pleaded to, and thus the plea of guilty was not improvident or baseless so as to trigger a duty on the part of the court to inquire further (*see People v Lopez,* 71 NY2d 662, 666 n 2 [1988]; *People v Tapia,* 197 AD2d 370, 371 [1993]).

However, prior to sentencing, the defendant moved, pro se, to withdraw his plea of guilty on the ground, inter alia, that his defense counsel told him that he was going "to blow trial" because he didn't have any money for defense counsel to represent him. In response to the defendant's application for permission to withdraw his plea of guilty, the defense counsel specifically denied this allegation and stressed what he had done on the defendant's behalf. Under these circumstances, the defendant's right to counsel was adversely affected when his attorney, essentially, became a witness against him and took a position adverse to him. The Supreme Court should have first assigned new counsel to the defendant before deciding the defendant's motion (*see People v Rozzell,* 20 NY2d 712 [1967]; *People v Cruz,* 244 AD2d 564 [1997]; *People v Rodas,* 238 AD2d 358 [1997]; *People v Santana,* 156 AD2d 736, 737 [1989]; *People*

*v Humbert,* 219 AD2d 674 [1995]). Accordingly, the matter is remitted for a hearing on the defendant's application at which the defendant shall be represented by the counsel representing him on this appeal.

At this time, we express no opinion as to the substantive merit of the defendant's motion. Florio, J.P., S. Miller, Friedmann, Adams and Rivera, JJ., concur.