■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY LATTIMORE, Appellant. [772 NYS2d 537]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered June 2, 1999, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the trial court erred in permitting testimony concerning a prior uncharged crime is without merit (*see People v Corella*, 281 AD2d 428 [2001]; *People*

*v Wheeler,* 257 AD2d 673 [1999]). Since the defendant claimed that he acted in self-defense, the issue of his motive and intent was significant. The proffered evidence "was highly probative in showing that the stabbing was intentional" (*People v Corella, supra* at 429; *see People v Hawker,* 215 AD2d 499 [1995]). Further, any prejudice was minimized by the trial court's limiting instructions to the jury (*People v Carver,* 183 AD2d 907, 908 [1992]; *see People v Lunsford,* 244 AD2d 507 [1997]).

The defendant was not deprived of his right to counsel at the sentencing proceeding. A defendant's right to counsel is adversely affected when defense counsel "either voluntarily or at the court's urging" acts as a witness against the defendant (*People v Santana,* 156 AD2d 736, 737 [1989]; *see People v Shadney,* 81 AD2d 842 [1981]). However, in the instant case, the trial court considered the defendant's pro se motion pursuant to CPL 330.30 to set aside the verdict on various grounds, including that he had been denied effective assistance of counsel, before defense counsel made any statements, and stated on the record that it did not "see any grounds to set aside this verdict." The defense counsel's subsequent statements related to matters that were evident from the record before the trial court and could not have affected the trial court's determination denying the defendant's pro se motion. Accordingly, it was not necessary to assign the defendant new counsel (*see People v Braelfort,* 256 AD2d 351, 352 [1998]; *People v Maragh,* 208 AD2d 563 [1994]; *People v Rodriguez,* 189 AD2d 684 [1993]).

Contrary to the defendant's contention raised in his supplemental pro se brief, he received effective assistance of counsel (*see People v Henry,* 95 NY2d 563 [2000]; *People v Benevento,* 91 NY2d 708 [1998]; *People v Groonell,* 256 AD2d 356, 357 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit. Smith, J.P., Goldstein, Luciano and Adams, JJ., concur.