■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARRIEUS PALMER, Appellant. [815 NYS2d 129]—Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), entered March 25, 2004, convicting him of robbery in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review the issue of whether his plea allocution was factually deficient (*see* CPL 470.05 [2]; *People v Jones,* 21 AD3d 968, 969 [2005]). Furthermore, despite the defendant's claims, his plea allocution did not cast significant doubt upon his guilt or negate any of the essential elements of robbery in the second degree (*see People v Lopez,* 71 NY2d 662, 666 [1988]; *People v Ward,* 282 AD2d 871, 872 [2001]).

The court providently exercised its discretion in denying the defendant's pro se motion to withdraw his plea of guilty (*see* CPL 220.60 [3]; *People v Colon,* 114 AD2d 967 [1985]). "The defendant's allegations in support of that motion were either unsubstantiated or belied by his statements during the plea proceedings" (*People v Tissiera,* 22 AD3d 611, 612 [2005]; *see People v Colon, supra*). The defendant was not denied the effective assistance of counsel in connection with this motion, and there was no conflict of interest requiring the court to appoint new counsel (*see People v Lattimore,* 5 AD3d 399, 400 [2004]; *People v Haynes,* 248 AD2d 402 [1998]; *People v Ocana,* 135 AD2d 743 [1987]).

The defendant waived his claim that he was denied the opportunity to testify at the grand jury proceedings (*see* CPL 190.50 [5] [c]).

The defendant's claim that he was denied the effective assistance of counsel in connection with the grand jury proceedings cannot be reviewed on direct appeal because they are based upon matters dehors the record (*see People v Wingate,* 297 AD2d 761, 762 [2002]). Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.