Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered February 2, 2007, convicting him of murder in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
At the time the defendant entered his plea of guilty, he was *795 still subject to an undischarged term of imprisonment for a previous conviction. The Supreme Court made no representation as to whether the promised sentence in this case would run concurrently with or consecutively to that term. The following day, the court clarified the sentencing promise, informing the defendant that it had always intended to order the promised sentence to run consecutively to the undischarged term. In response to the court’s questions, and after consultation with his attorney, the defendant affirmed that his understanding of the sentencing promise had been the same as the court’s.
Contrary to the defendant’s contentions, which were raised both in his main brief and in point I of his supplemental pro se brief, the court neither expressly nor impliedly promised that his sentence would run concurrently with his undischarged term, and thus, the defendant was sentenced in full accordance with the plea agreement (see People v Flores, 261 AD2d 338 [1999]). Moreover, the defendant’s allegation that the court unilaterally changed the sentencing promise, which was also raised both in his main brief and in point I of his supplemental pro se brief, is either unsubstantiated or belied by his statements during the plea proceedings (see People v Palmer, 29 AD3d 606 [2006]; People v Tissiera, 22 AD3d 611, 612 [2005]). Accordingly, the Supreme Court providently exercised its discretion in denying, without a hearing, the defendant’s motion to withdraw his plea of guilty (see CPL 220.60 [3]; People v Alexander, 97 NY2d 482, 485 [2002]; People v Levy, 39 AD3d 670 [2007]).
Motion by the appellant on an appeal from a judgment of the Supreme Court, Queens County, rendered February 2, 2007, to enlarge the record to include the minutes of his testimony before the grand jury in this action. By decision and order on motion of this Court dated May 22, 2008, the motion was referred to the panel of Justices assigned to hear the appeal, to be determined after an in camera review of the minutes in question.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, upon the argument of the appeal, and upon an in camera review of the minutes in question, it is
Ordered that the motion is denied. Spolzino, J.E, Angiolillo, Dickerson and Belen, JJ., concur.