■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSUE DELISER, Appellant. [925 NYS2d 882]—

Appeals by the defendant from two judgments of the Supreme Court, Kings County (Gerges, J.), both rendered July 21, 2009, convicting him of attempted murder in the second degree under Indictment No. 2938/06, and robbery in the first degree under Indictment No. 5477/07, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

"[A] guilty plea will be upheld as valid if it was entered voluntarily, knowingly and intelligently" (*People v Fiumefreddo,* 82 NY2d 536, 543 [1993]; *see People v Moissett,* 76 NY2d 909, 910-911 [1990]; *People v Lopez,* 71 NY2d 662, 666 [1988]). The decision as to whether to permit a defendant to withdraw a previously entered plea of guilty rests within the sound discretion of the motion court (*see* CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 525 [1978]; *People v DeLeon,* 40 AD3d 1008, 1008-1009 [2007]; *People v Mann,* 32 AD3d 865, 866 [2006]; *People v Turner,* 23 AD3d 503 [2005]). Here, the defendant's pleas of guilty were knowingly, voluntarily, and intelligently entered, and his claims of coercion are belied by the record (*see People v Aguayo,* 73 AD3d 938, 939 [2010]).

Moreover, contrary to the defendant's contentions, the record reveals that his attorney did not take a position adverse to his motion to withdraw his pleas (*see People v Dickerson,* 66 AD3d 1371, 1372 [2009]; *People v Brown,* 36 AD3d 931 [2007]; *People v Caple,* 279 AD2d 635, 636 [2001]; *People v Richards,* 227 AD2d 419 [1996]; *cf. People v Dixon,* 63 AD3d 957 [2009]; *People v Bedoya,* 53 AD3d 621 [2008]; *People v Bryant,* 22 AD3d 676, 677 [2005]; *People v Earp,* 7 AD3d 538, 539 [2004]). Accordingly, the Supreme Court properly denied his motion to withdraw his pleas. Rivera, J.P., Eng, Roman and Miller, JJ., concur.