■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD SHEPPARD, Appellant.— Judgment, Supreme Court, New York County, rendered on June 22, 1970, convicting defendant, upon his plea of guilty of the crime of manslaughter in the first degree and sentencing him to a maximum term of

12 years in State prison, unanimously reversed, on the law, and motion to withdraw plea granted and matter remanded for the defendant to plead anew to the indictment. Defendant was indicted for murder in the first degree in the slaying of one Hovey James. A *Huntley* hearing to determine the admissibility of his confession was held on April 20, 1970. Before the court rendered its decision, defense counsel announced that the defendant wished to withdraw his not guilty plea and to plead guilty to manslaughter in the first degree, in satisfaction of the indictment. The prosecutor thereupon recited the People's version of the facts of the case and recommended the acceptance of the proffered plea. In answer to the court's questions, the defendant stated that he had stabbed the decedent with a knife during the course of an altercation with decedent, not intending to kill him. He elaborated that he stabbed the deceased " to keep him from hurting or harming me." After more questioning, and following an off the record discussion with counsel, the defendant's guilty plea was recorded and a sentence date fixed. Upon the date of sentence, an oral application to withdraw the guilty plea was made by his counsel. Following the court's direction, the motion to withdraw the guilty plea was made on affidavits. In essence, the defendant asserted his innocence both orally and in his affidavit and requested permission to reinstate his not guilty plea and for a trial. The court denied relief and sentenced defendant. The record clearly establishes that the defendant, who had had no previous experience or conflict in a criminal court, reluctantly entered his guilty plea and that before sentence he proclaimed his innocence. Under these circumstances, the rule has been developed that the court should not, except in extraordinary circumstances, here absent, impose sentence, but either grant an application to allow the plea to be withdrawn or conduct a hearing to determine whether the application has merit. (*People* v. *McKennion,* 27 N Y 2d 671; *People* v. *Beasley,* 25 N Y 2d 483; *People* v. *Nixon,* 21 N Y 2d 338; *People* v. *Serrano,* 15 N Y 2d 304.) Under the circumstances of this case, it was error to deny the application to withdraw the guilty plea. Concur — McGivern, J. P., Nunez, Kupferman, Tilzer and Eager, JJ.