■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILLIAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Westchester County, rendered January 14, 1975, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Case remanded to the Supreme Court to hear *de novo* and report on defendant's application to withdraw his guilty plea and appeal held in abeyance in the interim. The discretion to permit a defendant to withdraw his guilty plea at any time before the imposition of sentence derives from CPL 220.60 (subd 3). The court, except under special circumstances, should either grant the application or conduct a hearing to determine whether the application has merit *(People v Sheppard,* 37 AD2d 830). In the case at bar, defendant proclaimed his innocence and sought withdrawal of his plea on

the ground that it was induced by threats from assigned counsel. The court ordered a hearing. At the outset of the hearing, defendant's newly assigned attorney asked to be relieved of his assignment on the ground that both he and defendant's former attorney were on the same staff, to wit, that of the Legal Aid Society of Westchester County. The court refused the request and directed that the hearing proceed. We conclude that defendant was thereby deprived of the opportunity for a fair hearing. Since the advocacy of defendant's claim placed in issue the propriety of former counsel's conduct, there existed a conflict of interest which the court was obligated to rectify. Margett, Damiani and Mollen, JJ., concur; Cohalan, Acting P. J., dissents and votes to affirm the judgment.