■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSEPH A. FINEGAN, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County, dated April 2, 1976, which granted defendant's motion to (1) set aside a jury verdict finding him guilty of resisting arrest and escape in the third degree and (2) dismiss the indictment. Order affirmed. The record supports the determination of the trial court that the jury's verdict was one which would have resulted in a "miscarriage of justice". Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST HALL, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 14, 1975 (the date on the minutes of sentence is March 18, 1976), convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. Case remanded to the Supreme Court to hear and report on defendant's application to withdraw his plea of guilty, and appeal held in abeyance in the interim. It is within the discretion of the trial court to allow a defendant to withdraw his guilty plea at any time prior to sentence. "The court, except under special circumstances, should either grant the application or conduct a hearing to determine whether the application has merit" (cf. *People v Williams,* 55 AD2d 923; see, also, *People v McClain,* 32 NY2d 697; *People v McKennion,* 27 NY2d 671). Here the defendant made statements at the time of sentencing which included allegations of his innocence. Even if there was some doubt as to what the defendant was referring, the trial court should not have imposed sentence without further inquiry. A hearing will allow the court to fully examine any claims made by defendant, and resolve any ambiguities. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.