■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WASHINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered June 2, 1987, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

A review of the record reveals that the defendant's plea was voluntarily, knowingly and intelligently entered *(People v Harris,* 61 NY2d 9). Furthermore, the sentencing court's denial of the defendant's motion to withdraw his guilty plea was not an improvident exercise of discretion. The defendant's unsubstantiated and conclusory assertion that his attorney coerced him into pleading guilty is belied by the plea minutes. The defendant's bald claim of innocence, raised for the first time on appeal, also has no basis in the record *(see, People v Thomas,* 78 AD2d 940; *cf., People v White,* 137 AD2d 859). The defendant's factual recitation of the offense made during the plea allocution, and his detailed confession to the police demonstrate that defendant's plea was neither improvident nor without a factual basis *(see, e.g., People v Stubbs,* 110 AD2d 725). Moreover, defendant's allegation that he was

intoxicated at the time of the offense does not constitute a defense to the crime of sodomy in the first degree based upon an act of deviate sexual intercourse with a person under the age of 11, since intent is not an element thereof *(see,* Penal Law § 130.50 [3]; *People v Di Paola,* 143 AD2d 487).

We find no merit to the defendant's contention that the sentence imposed was excessive *(People v Kazepis,* 101 AD2d 816). Mangano, J. P., Kunzeman, Rubin, Eiber and Balletta, JJ., concur.