■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER COUNCIL, Appellant.—Judgment, Supreme Court, Bronx County (Alexander Chananau, J.), entered May 5, 1983, convicting defendant, upon his guilty plea, of two counts of sodomy in the first degree (Penal Law § 130.50) and sentencing him, as a second felony offender, to concurrent indeterminate terms of imprisonment of from 7 to 14 years, unanimously affirmed.

Contrary to defendant's contention, the court properly accepted and thereafter denied his motion to withdraw his plea. The plea herein was entered knowingly and voluntarily *(Boy-*

*kin v Alabama,* 395 US 238, 242; *People v Harris,* 61 NY2d 9, 17). There is no mandatory, uniform catechism to render a plea appropriate *(People v Nixon,* 21 NY2d 338, 353, *cert denied sub nom. Robinson v New York,* 393 US 1067). Here, after defendant acknowledged waiver of his constitutionally guaranteed rights and described the specifics of his case, the court validly accepted the plea. Nor did the court err in refusing the request at sentencing to withdraw the plea and deny Council's motion to withdraw. The decision to deny a motion to withdraw a previously entered guilty plea rests within the sound discretion of the trial court *(People v Long,* 157 AD2d 504). The record does not support defendant's contention that the guilty plea was coerced. Nor is a generalized assertion of innocence sufficient to justify withdrawal of a plea *(People v Cannon,* 150 AD2d 383).

Defendant also contends that the photo and lineup identifications should have been suppressed. The lineup procedure was not unduly suggestive *(Simmons v United States,* 390 US 377; *People v Adams,* 53 NY2d 241). Here, the complainant selected defendant's photograph without any prompting by the police and those viewing the lineup were taken separately to the viewing room and then segregated from the others to prevent communication. Although contradicted by the police, even if the detective had informed the complainant that he had selected defendant's photograph, that alone would not have presented a risk of influencing subsequent lineup identification *(see, People v Ballard,* 140 AD2d 529, 530, *lv denied* 72 NY2d 954). Nor would any statement that those viewing the lineup would see the person "who did something" to the complainant render the otherwise proper lineup unduly suggestive *(see, People v Rodriguez,* 64 NY2d 738, 741).

Although defendant also raises contentions regarding the *Sandoval* hearing, his voluntary plea of guilty affirmatively waived appellate review of the *Sandoval* rulings *(People v Motley,* 69 NY2d 870; *People v Gilliam,* 65 AD2d 533). Concur —Ross, J. P., Carro, Wallach and Rubin, JJ.