■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT GONZALEZ, Appellant.—Appeal from the Judgment of the Supreme Court, Bronx County (Ivan Warner, J., at plea and sentence), rendered September 6, 1988, convicting defendant of manslaughter in the first degree and sentencing him to an indeterminate term of eight and one-third to twenty five years' imprisonment, held in abeyance, and the matter remanded for a hearing to determine whether defendant's motion to withdraw his plea of guilty should be granted, at which defendant is to be assigned counsel other than that which represented him in the proceedings below.

Defendant contends, and we agree, that an evidentiary hearing is required to determine whether his attorney, in advising him to enter a plea of guilty, engaged in coercive conduct. We note that defendant made both oral and written applications to withdraw his plea prior to the imposition of sentence. *(Cf., People v Washington,* 156 AD2d 496 [2d Dept 1989].) At the sentencing proceedings, defense counsel observed that the circumstances surrounding defendant's application "would in fact necessitate my being relieved and the court assigning new counsel * * * in effect, he is going to allege that I forced him to plead guilty. And under those circumstances, I can't see how I can stay on the case and how the court can avoid the necessity of having an attorney independent of me." The sentencing court similarly denied the motion without conducting an appropriate evidentiary hearing.

In our attempt to resolve the issue herein raised, we find that it cannot be determined from the record before us whether the motion should have been granted. However, enough is shown to raise a question regarding a potential conflict of interest with respect to defendant's counsel which could be said to raise an issue as to whether defendant received effective assistance of counsel. *(People v Rozzell,* 20 NY2d 712 [1967]; *People v Santana,* 156 AD2d 736, 737 [2d Dept 1989]; *People v Shadney,* 81 AD2d 842 [2d Dept 1981].)

We also note that the validity of the plea catechism is brought into question not only by the ardent protests of defendant, a thirty-three-year old first offender, but by assertions which were specific, rather than merely general, in nature. *(Cf., People v Council,* 162 AD2d 293, 294 [1st Dept 1990].)* Defendant not only offered documentary proof adversely reflecting upon the contentions of the eyewitness, but offered an alibi witness, whom, despite her presence in court, was not questioned. Moreover, defendant asserted, without contradiction by defense counsel, that he had been told that he would get a life sentence if he did not take the plea, and that he pleaded guilty because he "figured it was better [to have] eight years * * * [t]han to have life."

Accordingly, we hold the appeal in abeyance and remand for a hearing so that a record may be developed and in which defendant may be represented by new counsel who does not have a potential conflict of interest. Concur—Carro, J. P., Ellerin, Ross, Asch and Kassal, JJ.