◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE BROWN, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered June 12, 1990, convicting defendant upon his plea of guilty of conspiracy in the second degree, and sentencing him, as a second violent felony offender to a term of imprisonment of from 8½ to 17 years, is unanimously affirmed.

On an appeal from the denial of a motion to withdraw a plea of guilty, review is limited to whether there was an abuse of discretion (CPL 220.60 [3]; *People v Frederick,* 45 NY2d 520, 524-525). There was no such abuse here. The plea was know-

ingly and voluntarily entered after defendant was given a glimpse of the strength of the case against him at an audibility hearing. In a thorough colloquy on the plea defendant acknowledged that he was giving up his rights to a jury trial, to call witnesses, to cross-examine witnesses, and to remain silent; he also acknowledged, in his own words, his complicity in the plot to kill another. Defendant mentioned that he was under "pressure", but in view of his acknowledgment that he was pleading guilty voluntarily, the trial court understood this to mean that "it's hard to make a decision" whether to plead guilty, and it was determined that counsel's advice to plead guilty and defendant's domestic circumstances did not impair defendant's ability to weigh alternatives. Clearly, defendant freely admitted his guilt and fully appreciated the nature of the proceedings and the consequences of his admissions. *(See, People v Lowrance,* 41 NY2d 303.)

Defendant's motion to controvert the warrant was properly denied. The informant's information was plainly based on personal knowledge *(People v Hanlon,* 36 NY2d 549). He was not only a participant in the conspiracy, but also was cooperating with the authorities, who made recordings of his conversations with defendant. This, and the fact that the informant had previously provided information leading to a murder indictment, established his reliability. Moreover, police surveillance provided meaningful confirmation of some of the details *(People v Elwell,* 50 NY2d 231, 237). The court can hardly be said to have "blithely" accepted as true the matter contained in the affidavit *(see, People v Griminger,* 71 NY2d 635, 639-640).

Defense counsel's advice to defendant to plead guilty was not inconsistent with a legitimate strategy, and we reject defendant's contention that he was not provided effective assistance of counsel *(see, People v Strempack,* 71 NY2d 1015). Concur—Sullivan, J. P., Wallach, Smith and Rubin, JJ.