■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID JACKSON, Appellant.—Judgment, Supreme Court, New York County (John A.K. Bradley, J.), entered October 15, 1990, which convicted defendant, upon his plea of guilty, of grand larceny in the fourth degree, and sentenced him, as a second felony offender, to a term of imprisonment of 1½ to 3 years, unanimously affirmed.

Contrary to defendant's contention, the hearing court did not err in denying his motion to withdraw his guilty plea without holding an evidentiary hearing. Prior to pleading guilty, defendant was apprised of the rights he was waiving and acknowledged his guilt of the charges against him. Although defendant contended that he pleaded guilty because he was "psychologically exhausted" and pressured by his attorney, the plea minutes establish that he "freely admitted his guilt and fully appreciated the nature of the proceedings" (People v Brown, 177 AD2d 460, 461, lv denied 79 NY2d 944). Further, defendant was not entitled to an evidentiary hearing inasmuch as he was "afforded a reasonable opportunity to present his contentions" via his affidavit and defense counsel's affirmation (People v Tinsley, 35 NY2d 926, 927). Finally, defendant was not denied effective assistance of counsel because no pre-trial motions were made in his behalf. "A tactical decision to forego making those motions when an advantageous plea bargain has been struck may not be attacked on appeal and labeled ineffective assistance of counsel [citation omitted]." (People v Lewis, 116 AD2d 778, 779.) Further, defendant expressed satisfaction with the services of his attorney. Accordingly, defendant is bound by the terms of his plea. Concur—Carro, J. P., Wallach, Ross and Asch, JJ.