■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LONZELL IVORY, Appellant. [599 NYS2d 1019] —Appeal by the defendant from three judgments of the County Court, Suffolk County (Namm, J.), all rendered September 11, 1991, convicting him of burglary in the third degree (as to Indictment No. 1539/90) and burglary in the second degree (three counts; one as to Indictment No. 1372/91, two as to Indictment No. 1564/91), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted *(see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHON JOHNSON, Appellant. [599 NYS2d 1020] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Slavin, J.), rendered May 6, 1992, convicting him of attempted robbery in the second degree under Indictment No. 14119/91, upon his plea of guilty, and imposing sentence, and (2) a judgment of the same court, also rendered May 6, 1992, convicting him of criminal possession of a weapon in the third degree under Indictment No. 12999/91, upon his plea of guilty, and imposing sentence.

Ordered that the judgments are affirmed.

The defendant's unsubstantiated claim of coercion and his protestation of innocence at sentencing were not sufficient to render his pleas of guilty procedurally or substantively defective *(see, People v Latimer,* 176 AD2d 350). Thus, the Supreme Court did not err in refusing to assign substitute counsel to advance these claims that are clearly belied by the record *(cf., People v Gonzalez,* 171 AD2d 413).

Moreover, the sentences imposed were neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80). Balletta, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.