■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMAN BROWN, Appellant. [613 NYS2d 903] —Appeal from judgment, Supreme Court, Bronx County (George Covington, J., at plea and sentence), rendered December 3, 1992, convicting defendant, upon his pleas of guilty, of criminal possession of a weapon in the third degree and sexual abuse in the first degree and sentencing him, as a second felony offender, to concurrent terms of 2½ to 5 years and 3 to 6 years, respectively, unanimously held in abeyance and the case remanded for further proceedings as to whether defendant should be permitted to withdraw his plea.

At sentencing, defendant sought to withdraw his plea and replace the assigned counsel who had represented him at the plea proceedings on the grounds that he had not committed the crimes and had been coerced by counsel into pleading guilty. The attorney he wished to substitute was unable to attend the sentencing, but submitted an affirmation of engagement and a request for an adjournment to allow him to prepare a motion. Defendant himself attempted to submit an affidavit detailing the basis for his application to withdraw the plea, but the court summarily refused to consider any applications, including one to be relieved made by the attorney defendant was accusing of having coerced his plea. We find that some inquiry into defendant's allegations was required and that he should have been allowed an opportunity to set forth his contentions (see, People v Fiumefreddo, 82 NY2d 536, 543-544, citing People v Tinsley, 35 NY2d 926, 927). Accordingly, we hold the appeal in abeyance and remand for further proceedings so that a record may be developed and in which defendant may be represented by new counsel who does not have a potential conflict of interest (People v Gonzalez, 171 AD2d 413). Concur—Ellerin, J. P., Ross, Nardelli and Williams, JJ.