■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX CONTRERAS, Appellant. [631 NYS2d 315] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered March 10, 1993, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant's motion to withdraw his guilty plea was properly denied without a hearing. Defendant's contention that he pleaded guilty because he was pressured by his attorney to do so, which was raised through his new attorney's affirmation and his own affidavit and oral statements, in support of his motion to withdraw the plea is refuted by the plea minutes, which show that defendant pleaded guilty, after an extensive allocution, because he was guilty and wanted to avoid the risk of a longer sentence (*see, People v Jackson*, 186 AD2d 389, *lv denied* 81 NY2d 790). Nor was defendant improperly denied a further adjournment of the sentencing in order to locate the sentencing minutes of a prior conviction where numerous adjournments for that very purpose had already been granted. The plea minutes of the prior case were available and defendant's bald assertions that he had been coerced by an unidentified individual into taking that plea involuntarily failed to raise an issue that the prior plea was unconstitutionally obtained, such as to overcome the presumption of regularity (*People v Polanco*, 192 AD2d 393; *People v Hodges*, 194 AD2d 484, *lv denied* 82 NY2d 720). Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.