■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RYPPS, True Name DANIEL RIPPS, Appellant. [647 NYS2d 469] —Judgment, Supreme Court, New York County (Brenda Soloff, J.), rendered June 29, 1994, convicting defendant, upon his plea of guilty, of offering a false instrument for filing in the first degree, and sentencing him to 5 years probation and restitution of $16,816, unanimously affirmed.

The plea minutes conclusively establish that defendant, a dentist, had a precise understanding of the nature and consequences of his plea, and that he specifically agreed to the restitution that was ordered and thus avoided a possible jail sentence. Accordingly, there was no basis for litigating the amount of restitution to which defendant had agreed (*People v Suros*, 209 AD2d 203, *lv denied* 85 NY2d 943, *cert denied* 516 US 862). Nor did defendant advance any sufficiently credible factual representations at sentencing to warrant a hearing into the voluntariness of the plea (*cf., People v Brown,* 205 AD2d 436), and there is no support in the record for the claim that defendant was denied meaningful representation in this regard (*People v Ramos*, 63 NY2d 640, 642-643; *People v Contreras*, 219 AD2d 495, *lv denied* 87 NY2d 845). Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN POWERS, Appellant. [647 NYS2d 471] —Judgment, Supreme Court, New York County (Allen Alpert, J.), rendered June 21, 1994, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

We find that defendant's waiver of his right to appeal any pretrial rulings, made in connection with his plea bargain, was voluntary, knowing and intelligent, and that the claims he raises on appeal, that the hearing court erred in denying suppression and that the hearing was unfair because of the People's failure to preserve a 911 tape, are therefore unreviewable (*People v Callahan*, 80 NY2d 273). In any event, defendant's claims are both unpreserved and without merit. Concur—Milonas, J. P., Ellerin, Rubin, Ross and Nardelli, JJ.