■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SIMS, Appellant. [751 NYS2d 466] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered June 9, 1994, convicting defendant, after a jury trial, of robbery in the first degree and three counts of menacing in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 12½ to 25 years, unanimously affirmed.

The court did not undermine defendant's efforts to call his codefendant as a witness. Prior to defendant's trial, the codefendant pleaded guilty in return for a promised lenient sentence that was scheduled to be imposed after defendant's trial. At the time of the plea, it was clear that the codefendant had no intention of testifying either for or against defendant. Nevertheless, defendant subsequently expressed a desire to call the codefendant as an exculpatory witness. The ramifications of such testimony were discussed at various proceedings involving defendant, the codefendant, and their respective attorneys. The court ultimately explained to the codefendant that he was permitted to testify on defendant's behalf, but that if the court believed his testimony to be perjurious, this might prevent the court from imposing the promised sentence, in which case he would be entitled to withdraw his plea.

The court had an obligation to warn the codefendant of the possible adverse consequences in the event that he were to testify falsely (*see People v Moore*, 194 AD2d 695, *lv denied* 82 NY2d 807), and it did not emphasize the warning to the point of intimidation (*compare People v Shapiro*, 50 NY2d 747, 761-762; *Webb v Texas*, 409 US 95). The court made it clear to the codefendant that it had no preconceived notion that defendant was guilty, such that any exculpatory testimony by codefendant would necessarily be considered false. It is also significant that the court's explanation of the consequences of the codefendant's testimony was not initiated by the court, but was a response to concerns expressed by the codefendant and his counsel.

Furthermore, the record does not establish that the codefendant's refusal to testify resulted from any actions by the court. The codefendant's attorney indicated that it was against the codefendant's best interests to testify, because his testimony was likely to reveal damaging information about his own involvement that, in and of itself, would jeopardize his lenient disposition. Concur—Williams, P.J., Nardelli, Mazzarelli, Buckley and Gonzalez, JJ.