■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE FORD, Appellant. [817 NYS2d 278]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered August 29, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal sale of a controlled substance in or near school grounds and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 4½ to 9 years, and order, same court and Justice, entered on or about April 28, 2004, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The court did not threaten defendant with a higher sentence

if he chose to testify. Upon learning that defendant wished to testify against the advice of counsel, the court warned defendant to approach such a decision cautiously. In the context of this warning, the court advised defendant of his possible sentencing exposure, and such advice was not coercive (*cf. People v Cornelio*, 227 AD2d 248 [1996], *lv denied* 88 NY2d 982 [1996]).

Regardless of whether or not a court officer communicated to the jury that the items it requested were not available because they were not in evidence, such a communication is a ministerial function that may be performed by nonjudicial personnel (*People v Miller*, 8 AD3d 176, 177 [2004], *affd* 6 NY3d 295 [2006]). Accordingly, there is no basis for either a new trial or further fact-finding proceedings.

The court properly denied defendant's CPL 440.10 motion without a hearing (*see People v Satterfield*, 66 NY2d 796 [1985]). Based on the trial record and the submissions on the motion, we find that counsel provided effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

The prosecutor's cross-examination of defendant before the grand jury was within proper bounds (*see People v Karp*, 76 NY2d 1006 [1990], *revg on dissenting op of Sullivan, J.*, 158 AD2d 378, 385-390 [1990]).

We decline to invoke our interest of justice jurisdiction to dismiss the noninclusory concurrent count (*see e.g. People v Davis*, 10 AD3d 583, 584 [2004], *lv denied* 4 NY3d 743 [2004]). Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.