■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM VANLUVENDER, Appellant. [827 NYS2d 22]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered June 16, 2005, convicting defendant, after a jury trial, of attempted criminal sexual act in the first degree (two counts), attempted disseminating indecent material to minors (seven counts), and attempted endangering the welfare of a child, and sentencing him to an aggregate term of four years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court did not impair defendant's right to testify, and it properly denied his postverdict motion raising that issue, as well as his request that the court recuse itself from deciding that motion. Before summations, defense counsel complained about an off-the-record bench conference in which, according to counsel, the court warned that if defendant testified, the court would conclude from the mere fact of a conviction that defendant had committed perjury, and further warned that it would consider that circumstance in imposing sentence. The court immediately responded that counsel's account was incorrect, and it carefully stated on the record, in defendant's presence, that it would not make a finding of perjury solely on the basis of a conviction, but would consider carefully whether defendant's testimony was indeed perjurious and, if so, the extent to which it should affect his sentence. Defendant made no objection to the on-the-record warning. However, he made a postverdict CPL 330.30 (1) motion, claiming that the court's off-the-record comments prevented him from testifying, and also requesting that the court recuse itself from deciding the motion on the ground that the court's own credibility, concerning the issue of what it had said, was at issue.

Initially, we note that to the extent that defendant is claiming on appeal that the on-the-record warning was itself coercive, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit. A defendant's perjury at trial may be a legitimate sentencing factor (*United States v Dunnigan*, 507 US 87 [1993]; *United States v Grayson*, 438 US 41 [1978]). The on-the-record warning was not coercive, and it did "no more than advise [defendant] of possible consequences of which he was entitled to know before deciding to testify" (*People v Lee*, 58 NY2d 773, 775 [1982]; *see also People v Ford*, 30 AD3d 306 [2006], *lv denied* 7 NY3d 812 [2006]; *People v Sims*, 300 AD2d 91 [2002], *lv denied* 100 NY2d 645 [2003]).

In the circumstances presented, what the court may or may not have said off the record is of no consequence. Aside from the fact that the off-the-record comments were made only to counsel, and out of defendant's presence, the court made its noncoercive, on-the-record clarifying statement at a point in the trial when defendant still had the opportunity to testify, and he chose not to do so. Thus, the on-the-record statement cured any defect in the off-the-record statement. Therefore, there was no merit to the postverdict motion addressing the off-the-record statements, or to defendant's argument that the court, as a potential witness to what it supposedly said, should have recused itself (*see People v Alomar*, 93 NY2d 239, 246 [1999]).

Defendant did not preserve any of his challenges to the sufficiency of the evidence (*People v Gray*, 86 NY2d 10 [1995]), or to the court's charge (*People v Whalen*, 59 NY2d 273, 280 [1983]), and we decline to review them in the interest of justice. When assessed in light of the elements of the offenses as they were charged to the jury without objection (*see People v Dekle*, 56 NY2d 835 [1982]), the verdicts were supported by legally sufficient evidence and were not against the weight of the evidence. Concur—Tom, J.P., Andrias, Marlow, Nardelli and McGuire, JJ.