■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY LATHAM, Also Known as KEVIN O'SULLIVAN, Appellant. [829 NYS2d 456]—

Appeal from judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered April 14, 2005, convicting defendant, upon his guilty plea, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, held in abeyance, and the matter remanded for further proceedings as to whether defendant should be permitted to withdraw his plea.

Defendant entered a guilty plea to robbery in the third degree, the top count of a multicount indictment, in exchange for a promised sentence of 2 to 4 years. Prior to sentencing, defendant moved in writing to withdraw his plea. At sentencing, defense counsel advised the court that defendant had a pending motion. Defendant informed the court that he had been "pressured" into taking the plea. The following colloquy occurred:

"THE COURT: Mr. Latham, you want to reconsider, I guess, your plea, and you want it back because you want a program for petit larceny. You want a better deal.

"THE DEFENDANT: Not necessarily, Your Honor.

"THE COURT: It seems that's what you are saying in this let-

ter, that you really should be, you are citing People v Nixon[1] and saying it should be a petit larceny, and you are saying you need a program instead of incarceration. It seems like you are asking for that instead of what I promised you.

"THE DEFENDANT: No, Your Honor.

"THE COURT: What are you asking for?

"THE DEFENDANT: I believe I was pressured into taking that plea of guilty.

"THE COURT: Well, I was here for the plea, and I put you under oath. You do remember that, right? You swore to tell the truth under God. Do you remember that part, when I took the plea?

"THE DEFENDANT: Yes.

"THE COURT: So, I am assuming you didn't lie to me under oath; is that right Mr. Latham?

"THE DEFENDANT: Right, I was very nervous, Your Honor.

"THE COURT: You didn't appear to be nervous to me. You seemed very calm, just the way you are today.

"THE DEFENDANT: I am nervous now.

"THE COURT: Well, when I asked you the questions, I remember you calmly answering that you did it and that you weren't threatened in any way and your attorney didn't do anything to force you. You said that to me under oath. Were you lying to me under oath at that time."

At this point, counsel advised defendant not to answer the question as posed and requested the court to make a decision on the motion, after which the court responded: "I am trying to find out if there's any good reason that he should withdraw his plea, especially since he told me under oath that he did it and that he wasn't under any force or threat or no one made him do it, that he did it of his own free will. He told me under oath."

Instead of inquiring further, the court, in effect, denied the motion and sentenced defendant in accordance with the plea promise.

The court is vested with discretion in deciding a motion to withdraw a guilty plea (*see People v Tinsley*, 35 NY2d 926, 927 [1974]; *People v Hall*, 56 AD2d 893 [1977]). While an evidentiary hearing is usually not required before a court renders its decision, "often a limited interrogation by the court will suffice" (*Tinsley* at 927). While here the court could have conducted

---

1. Defendant was apparently referring to *People v Nixon* (156 AD2d 144 [1989], *appeal dismissed* 76 NY2d 870 [1990]), which holds that a larceny is not elevated to a robbery when force is not used for the purpose of retaining stolen property, but solely for another reason such as escape.

a limited inquiry into the basis of defendant's complaint—and thereby might have been able to reject the motion summarily based on the record of the plea allocution—it instead presented defendant, perhaps inadvertently, with a Hobson's choice: either abandon the motion or admit perjury.[2] This is clear from the quoted colloquy. "Defendant should be afforded a reasonable opportunity to present his contentions" (*Tinsley* at 927; *cf. People v Fiumefreddo*, 82 NY2d 536, 546-548 [1993]). Here, by placing defendant in an untenable position, the court denied him that opportunity.

While we fully appreciate the People's contention—belatedly made for the first time on appeal—that defendant is a career criminal with an acquired expertise and understanding of the plea process, that fact alone does not justify the court's summary denial of defendant's motion. Therefore, the matter should be remanded for further proceedings to afford defendant a legally sufficient opportunity to present the basis for his motion (*see Hall*, 56 AD2d 893 [1977], *supra*; *People v Brown*, 205 AD2d 436 [1994]). Concur—Tom, J.P., Marlow, Williams, Gonzalez and Catterson, JJ.

---

**2.** Our recent decision in *People v Vanluvender* (35 AD3d 238 [2006]) does not require a contrary result. There, the sentencing court's on-the-record statement, which clarified its off-the-record statement made only to counsel—a clarification to which defendant did not object—was not coercive. We therein held the court's statement to the defendant that it "would not make a finding of perjury solely on the basis of a conviction, but would consider carefully whether defendant's testimony was indeed perjurious and, if so, the extent to which it should affect his sentence" (*id.* at 238-239) to be a proper warning of the possible sentencing consequences of his testimony (*see United States v Dunnigan*, 507 US 87 [1993]; *United States v Grayson*, 438 US 41 [1978]).