People v Sarner (2018 NY Slip Op 08335)





People v Sarner


2018 NY Slip Op 08335


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-04695

[*1]The People of the State of New York, respondent,
v
Philip G. Sarner, appellant. (S.C.I. No. 860/14)


Steven A. Feldman, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Kevin C. King of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Christopher G. Quinn, J.), rendered December 17, 2015, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant shall be appointed new counsel, and thereafter a report to this Court limited to its findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea of guilty, and the appeal is held in abeyance pending receipt of the Supreme Court's report, which shall be filed with all convenient speed.
On June 10, 2014, the defendant appeared before the Supreme Court, Nassau County, to plead guilty to criminal contempt in the first degree and criminal contempt in the second degree. The defendant appeared before the same court for sentencing on December 17, 2015. The defendant stated that he wished to withdraw his plea of guilty on the grounds that he was innocent and that he was coerced into pleading guilty. His attorney stated that he did not want to be a party to the motion. His attorney further stated: "I fought long and hard to get this. I thought we had this." The court advised the defendant not to say anything further, and noted that the defendant could be charged with perjury. The court denied the defendant's motion, and imposed sentence.
The defendant's right to counsel was adversely affected when his attorney took a position adverse to the defendant with respect to his motion to withdraw his plea of guilty (see People v Mitchell, 21 NY3d 964, 966-967; People v Hayes, 140 AD3d 1186). The Supreme Court should have assigned a different attorney to represent the defendant before it determined the defendant's motion (see People v Duart, 113 AD3d 788, 789). We further note that, in advising the defendant not to say anything further because he could be charged with perjury, the court deprived the defendant of the opportunity to present his contentions (see People v Latham, 36 AD3d 553, 555).
Accordingly, we remit the matter to the Supreme Court, Nassau County, for further [*2]proceedings on the defendant's motion to withdraw his plea of guilty, for which the defendant should be appointed new counsel, and thereafter a report to this Court limited to its findings with respect to the motion and whether the defendant established his entitlement to the withdrawal of his plea of guilty. The appeal will be held in abeyance pending receipt of the Supreme Court's report. We express no opinion as to the merits of the defendant's motion, and we decide no other issues at this time.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court