OPINION OF THE COURT
Martin E. Smith, J.
An application for a common-law writ of coram nobis has been brought to vacate the February 21, 1992 judgment of Broome County Court convicting the defendant upon his plea of guilty to the crimes of sodomy in the first and second degrees.*
The motion is based upon an affidavit from the defendant’s mother that the mother of the infant victims had told her that the children had fabricated the crimes to which the defendant had confessed. The attorney bringing the motion avers that the children’s mother has refused to return his telephone messages, that he was unable to reach the father at his Watkins Glen address, and that Social Services would not release the children’s whereabouts to him. He further alleges that the defendant first learned of the conversation between the victims and their mother after he had begun to serve his sentence, and that the District Attorney had not disclosed this information despite express request.
The People oppose the motion on the ground that the defendant does not meet the requirements of CPL 440.10 for newly discovered evidence, and that in any event the evidence offered is unsubstantiated hearsay.
In response to the People’s opposition, the defendant contends that coram nobis survives as a viable vehicle for those circumstances not covered by the CPL article 440 codification of the common-law writ.
The court is not persuaded by the defendant’s argument that because the statute does not address new evidence discovered after a plea of guilty, such circumstance survives as a ground for the common-law writ. As the Court of Appeals stated in People v Salemi (309 NY2d 208, 215 [1955]), a case decided prior to the codification of coram nobis in article 440, *226 "[t]he power to grant an order for a new trial on the ground of newly discovered evidence is purely statutory. Such power may be exercised only when the requirements of the statute have been satisfied, the determination of which rests within the sound discretion of the court.” The Court then went on to reference and explain the six requirements for newly discovered evidence found in the controlling statute, section 465 of the Code of Criminal Procedure, the statute from which the current article 440 is derived.
It is clear to this court that a postconviction claim of newly discovered evidence may only be raised within the context of a conviction after trial (People v Latella, 112 AD2d 321 [2d Dept 1985], Iv denied 65 NY2d 983, Iv denied on reconsideration 66 NY2d 616). By pleading guilty, the defendant admitted his factual guilt and waived his right to confront his accusers. He may not now seek to defend himself against those accusers by a motion based upon newly discovered evidence.
Assuming arguendo that relief could be available in a plea context, the evidence presented does not qualify as newly discovered evidence. Without reaching any of the other criteria of newly discovered evidence, the court notes that the sixth element requires that the evidence must not be merely impeaching or contradictory of the former evidence (People v Salemi, supra, at 216). In context, the "former” evidence here consists of the defendant’s admissions at the plea colloquy, his written confession, a sworn statement by the victims’ mother in which she admitted that she knew what was going on but never stopped it, and, presumably, statements by the complainants themselves.
Direct, nonhearsay recantation is among the most unreliable forms of evidence (see, People v Shilitano, 218 NY 161; People v Brown, 126 AD2d 898 [3d Dept 1987], Iv denied 70 NY2d 703 [1987]); here, the affidavit of the defendant’s mother consists of two separate layers of hearsay alleging recantation by the boys and their mother. Even if the proffered evidence bore some indicia of reliability, however, which it clearly does not, it would still be no more than impeaching, contradictory evidence which is insufficient to warrant a hearing.
Furthermore, the defendant has offered no factual allegations to support his conclusory assertion that the District *227 Attorney was aware of any alleged falsity in the statements of his accusers. His conclusory assertion that his confession was unlawfully obtained is equally bare of factual allegations.
For the foregoing reasons, the defendant’s motion is summarily denied.

 It appears that this motion is actually brought by the defendant’s mother. The moving papers contain no statement that the lawyer represents the defendant, nor any affidavit from the defendant himself. The affidavits in support of the motion are by the defendant’s mother and by the attorney.