IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
June 12, 2012 Session

## TONY CHANDLER v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 0404275, 0303760, 0207053, 0402966      W. Otis Higgs, Jr., Judge**

---

**No. W2011-02034-CCA-R3-PC  - Filed August 1, 2012**

---

In 2005, the Petitioner, Tony Chandler, pled guilty to two counts of aggravated burglary, two counts of theft under $500, two counts of aggravated robbery, evading arrest in a motor vehicle, and burglary.  For these convictions, the trial court sentenced him to an effective sentence of sixteen years.  In 2011, the Petitioner filed a petition for post-conviction relief and for a writ of error coram nobis.  The State filed a motion to dismiss because the petition was untimely filed.  The post-conviction court dismissed the petition, finding that the petition was untimely filed.  On appeal, the Petitioner contends the post-conviction court erred when it dismissed his petition without a hearing.  Following our review of the record and the law, we affirm the post-conviction court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JEFFREY S. BIVINS and ROGER A. PAGE, JJ., joined.

Randall B. Tolley, Memphis, Tennessee for the appellant, Tony Chandler.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Amy P. Weirich, District Attorney General; and Katie Ratton, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION
### I. Facts and Procedural History

On February 7, 2005, the Petitioner entered a "best interest" plea of guilty to eight counts, which stemmed from four different indictments.  The following is a summary of the Petitioner's convictions and sentences in each of the four indictments:

| Indictment Number | Offense Date | Convicted Offense | Sentence |
|---|---|---|---|
| 02-07053 | November 9, 2001 | Aggravated Burglary | 3 years |
| | | Theft under $500 | 11 months, 29 days |
| | | Theft under $500 | 11 months, 29 days |
| 04-02966 | November 15, 2001 | Burglary | 2 years |
| 03-03760 | February 19, 2003 | Aggravated Robbery | 8 years |
| | | Aggravated Robbery | 8 years |
| | | Evading arrest in a motor vehicle | 1 year |
| 04-04275 | December 24, 2003 | Aggravated Burglary | 3 years |

The trial court ordered the sentences in each count of each indictment to run concurrently with one another, but ordered the effective sentence for each of the indictments to run consecutively, for an effective sentence of sixteen years. The trial court placed the Petitioner on community corrections for the service of his sentence. On May 27, 2008, the trial court revoked the Petitioner's community corrections sentence and ordered the Petitioner to serve his sixteen-year sentence in prison.

On April 21, 2011, the Petitioner filed a petition seeking both post-conviction relief and a writ of error coram nobis. Attached to the petition was a letter dated August 23, 2010, from Kevin Isabell, who claimed responsibility for the crimes committed on November 9 and 15, 2001. Also attached to the petition was a notarized statement dated December 20, 2004, from the victim of the December 24, 2003 aggravated robbery, indicating that the victim did not believe the Petitioner committed the crime and his desire to "drop[ ] all charges." Two affidavits dated August 20, 2010, and signed by the Petitioner's mother and Sa'de Evans stated that they witnessed the victim sign the affidavit and then the victim's affidavit was delivered to and received by the Petitioner's attorney "immediately."

The final two attachments are identical undated affidavits signed by Darius Harshaw and Sa'de Evans. Each document reads as follows:

I went to the law Office of [Counsel] and made an audio recorded statement on behalf of defendant Tony Chandler to assist in proving his innocence on an aggravated robbery case #03-03760 before he accepted any plea.

I was further advised by defense counsel [ ] that any information, I provide would only be used to minimize Tony Chandler's sentence in any offered guilty plea.

[Counsel] advised me not to reveal the statement or interview to the defendant Tony Chandler, due to his mental health, educational back ground and an intent to pursue trial and risk consecutive trials by the state.

The State responded to the Petition on August 10, 2011, by filing a motion to dismiss the petition because it was filed beyond the statute of limitations. The post-conviction court held a hearing on the State's motion to dismiss, where neither party offered any proof. The State argued that the petition seeking post-conviction relief and also seeking a writ of error coram nobis should be dismissed as untimely. The Petitioner argued that due process required the tolling of the statute of limitations because of newly discovered evidence.

The post-conviction court took the motion under advisement and issued an order on September 9, 2011, granting the State's motion to dismiss, finding that the petition for post-conviction relief and a writ of error coram nobis was time-barred. The post-conviction court's order stated:

The [P]etitioner entered pleas of guilty to the above four indictments on January 10, 2005. A petition for post conviction relief must be filed within one year from the date of when the judgment became final. T.C.A. 40-30-102(a). In addition, a [petition for a] Writ of Error Coram Nobis must be filed within one year from the date of when the judgment became final. Judgment become final thirty days after a guilty plea is entered. *State v. Green*, 106 S.W.3d 646 (Tenn. 2003). The [P]etitioner filed this matter on April 21, 2011, over six years after the judgments became final.

The Court therefore denies the [P]etitioner's untimely petition for post conviction relief and denies the [P]etitioner's untimely [petition for a] writ of error coram nobis.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner contends that the post-conviction court should have held an evidentiary hearing to determine whether due process required that the statute of limitations be tolled. The State responds that the trial court properly denied relief based upon the expiration of the statute of limitations. We agree with the State.

A person in custody under a sentence of a trial court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year from the date on which the judgment becomes final. *See* T.C.A. § 40-30-102(a) (2006). If the petition is not filed within one year, consideration of the petition by the post-conviction court is barred. *Id.*

There are, however, exceptions to the statute of limitations. Tennessee Code Annotated section 40-30-102 provides that a petition may be filed outside the one-year limitations period if:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b) (2006). In addition to the statutory exceptions to the statute of limitations, due process principles may, in limited circumstances, require tolling of the

post-conviction statute of limitations. *See Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). When a petitioner seeks tolling of the limitations period on the basis of due process, however, he is obliged "to include allegations of fact in the petition establishing . . . tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001).

In *Sands v. State*, our Supreme Court laid out a three-step process for determining whether due process requires the tolling of the statute of limitations:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," against the State's interest in preventing the litigation of "stale and fraudulent claims."

903 S.W.2d 297, 301 (Tenn. 1995) (citations omitted).

As a general rule, the claim at issue must not have existed during the limitations period to trigger due process consideration. *Seals*, 23 S.W.3d at 277. Discovery of or ignorance to the existence of a claim does not create a "later-arising" claim. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 635 (Tenn. Crim. App. 1994).

Coram nobis claims are also subject to a one-year statute of limitations. T.C.A. § 27-7-103. Our Supreme Court has recognized that principles of due process may toll the writ of error coram nobis statute of limitations where the Petitioner's liberty interest in raising a later-arising issue outweighs the State's finality interest embodied in the statute. *Workman v State*, 41 S.W.3d 100, 103 (Tenn. 2001). When considering issues involving the tolling of the statute of limitations based on due process considerations, the same analysis is used in post-conviction claims and writ of error coram nobis claims. *Sands*, 903 S.W.2d at 301. Therefore, we address the Petitioner's claims under his petition cumulatively.

In this case, the Petitioner alleged in his petition that principles of due process required tolling the statute of limitations for his untimely petition because the attached affidavits were unknown to the Petitioner at the time of his guilty plea and, therefore, his guilty pleas were

involuntary. These allegations, however, are not sufficient to establish that the Petitioner is entitled to a tolling of the statute of limitations.

The Petitioner offers three sets of affidavits that address the convictions for three of the indictments. The notarized statement from the victim is dated December 20, 2004, which was before the Petitioner pled guilty on February 7, 2005. The Petitioner's mother and cousin signed affidavits indicating their knowledge of the victim's 2004 affidavit and immediate delivery of the affidavit to the Petitioner's attorney. This evidence is not "later-arising," as the affidavit existed and had been presented by the Petitioner's family to his attorney at the time of the Petitioner's conviction. Thus, the Petitioner could have raised this allegation at any time during the applicable one-year statute of limitations.

The other affidavit, signed August 23, 2010, by Kevin Isabell states that Isabell committed the November 9, 2001 burglary. Even though the affidavit is dated after the Petitioner's guilty plea on February 7, 2005, this allegation too is not "later-arising" for the purposes of tolling the statute of limitations. This Court has previously held that "a subsequent third party confession does not affect the voluntariness of a guilty plea." *Newsome v. State,* 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998). The *Newsome* Court reasoned as follows:

> By pleading guilty, the appellant admitted his factual guilt and waived his right to confront his accusers. *See, e.g., People v. Jackson*, 163 Misc.2d 224, 620 N.Y.S.2d 240, 241 (N.Y. Co. Ct. 1994). He may not seek, after the judgment has become final, to later recant his admission as to those facts by an allegation that a third party has confessed. Moreover, a third party confession is not so much "newly discovered evidence" as it is "newly disclosed" to the court. *See Travis v. State*, [776 So.2d 819, 846 (Ala. Crim. App. 1997)].

*Id.* The Petitioner knew at the time he entered his guilty plea whether he was guilty of the November 9, 2001 burglary. He had every opportunity to maintain his innocence but chose to admit guilt to committing the burglary. Furthermore, nothing prevented the Petitioner from raising challenges to the voluntariness of his plea or the effectiveness of his representation within the one-year statute of limitations.

The final two identical affidavits signed by Sa'de Evans and Darius Harshaw entirely omit any information on the content of the statements and how those statements would have exculpated the Petitioner. As we previously mentioned, the "[f]ailure to include sufficient factual allegations . . . will result in dismissal." *Nix*, 40 S.W.3d at 464 (citations omitted). Furthermore, although undated, the affidavits indicate that the recorded statements were made before the Petitioner pled guilty. Thus, this evidence was not unknown and could have been

presented at any time during the applicable statute of limitations period.

Because the Petitioner's claims are not "later-arising," we do not address the third step in the analysis, namely the reasonableness of the delay. *See Sands*, 903 S.W.2d at 301. The Petitioner has failed to demonstrate that the statute of limitations should be tolled in his case; therefore we conclude that the post-conviction court properly dismissed his untimely petition for post-conviction relief and for error coram nobis relief. *See id.* The Petitioner is, therefore, not entitled to relief.

## II. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the post-conviction court's dismissal of the Petitioner's petition.

_____
ROBERT W. WEDEMEYER, JUDGE