# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### July 23, 2014 Session

## STATE OF TENNESSEE v. THOMAS EDWARD KOTEWA

**Appeal from the Criminal Court for Anderson County**
**No. B2C00067        Donald R. Elledge, Judge**

_____

### No. E2014-00430-CCA-R3-ECN-FILED-SEPTEMBER 11, 2014

_____

In 2006, the Petitioner, Thomas Edward Kotewa, pleaded guilty to second-degree murder. *See Thomas E. Kotewa v. State*, No. E2007-02193-CCA-R3-PC, 2009 WL 1635177, at *1 (Tenn. Crim. App., at Knoxville, June 11, 2009), *perm. app. denied* (Tenn. Oct. 19, 2009). For this conviction, the trial court sentenced the Petitioner to serve an agreed-upon sentence of fifteen years. In February 2012, the Petitioner filed a petition for a writ of error *coram nobis* alleging that he had discovered new evidence. The State filed a response to the petition requesting the trial court dismiss the petition on the basis that, among other things, it was untimely filed. The trial court agreed, and it dismissed the petition, finding that the petition was untimely filed. On appeal, the Petitioner asserts that the trial court erred when it dismissed his petition. After a thorough review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., J. and TIMOTHY L. EASTER, SP. J., joined.

R. Casey Daganhardt, Clinton, Tennessee for the Appellant, Thomas Edward Kotewa.

Robert E. Cooper, Jr., Attorney General and Reporter; Ahmed A. Safeeullah, Assistant Attorney General; Dave Clark, District Attorney General; and Sandra N.C. Donaghy, Assistant District Attorney General for the Appellee, State of Tennessee.

## OPINION
### I. Facts and Procedural History

The Petitioner pleaded guilty to the second-degree murder of LaShawn Terence Mims,

in exchange for a sentence of fifteen years. Two witnesses identified the Petitioner as the shooter, and the Petitioner admitted to the police that he shot the victim. *See Kotewa*, 2009 WL 1635177, at \*1. On January 26, 2007, the Petitioner, *pro se*, filed a petition for post-conviction relief. *Id.* After two amendments and the appointment of counsel, the post-conviction court held an evidentiary hearing and then denied the Petitioner relief. *Id.* This Court affirmed the post-conviction court's judgment. *Id.* at \*5-6.

On February 8, 2012, the Petition filed a writ of error *coram nobis* alleging that he had discovered new evidence. The Petitioner attached one affidavit to his petition to support his claim. The affidavit was a statement by a witness that the Petitioner acted in self-defense. On December 16, 2013, the trial court issued a written order dismissing the petition:

> The above matter came on for hearing on December 9, 2013, on a pending Writ of Error Coram Nobis filed by the [Petitioner] pro se and amended by Defense Attorney Kevin Angel, the Honorable Donald R. Elledge presiding. The appearances were: Sandra Donaghy on behalf of the State of Tennessee and the [Petitioner] appeared in person and by counsel, Attorney R. Casey Dagenhardt.
>
> At the hearing, [the Petitioner] through counsel admitted that his pleadings had been filed after the expiration of the Statute of Limitations. He conceded dismissal was appropriate.
>
> NOW, THEREFORE, it is the order of the Court that:
>
> 1. The Writ of Error Coram Nobis shall be, and hereby is, dismissed.

It is from this judgment that the Petitioner now appeals.

## II. Analysis

The Defendant argues that the trial court erred when it dismissed his petition for a writ of error *coram nobis* because his newly discovered evidence entitles him to relief. The State responds that the Petitioner has failed to build a record to support his claim and that the trial court correctly dismissed the Petitioner's claim as untimely because the evidence the Petitioner claims existed during the limitations period. We agree with the State.

Tennessee Code Annotated section 40-26-105 (2012) provides:

> There is hereby made available to convicted defendants in criminal

cases a proceeding in the nature of a writ of error coram nobis, to be governed by the same rules and procedure applicable to the writ of error coram nobis in civil cases, except insofar as inconsistent herewith. . . . Upon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time, a writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which are litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at trial.

It is well-established that the writ of error *coram nobis* "is an extraordinary procedural remedy . . . [that] fills only a slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). Generally, a decision whether to grant a writ rests within the sound discretion of the *coram nobis* court. *See State v. Hart*, 991 S.W.2d 371, 375 (Tenn. Crim. App. 1995). We, therefore, review for abuse of discretion. *See State v. Workman*, 111 S.W.3d 10, 18 (Tenn. Crim. App. 2002).

A petition for a writ of error *coram nobis* must be filed within one year of the judgment becoming final in the trial court. T.C.A. § 27-7-103. This statute of limitations "is computed from the date the judgment of the trial court becomes final, either thirty days after its entry in the trial court if no post-trial motions are filed or upon entry of an order disposing of a timely filed post-trial motion." *Harris v. State*, 301 S.W.3d 141, 144 (Tenn. 2010); *see Mixon*, 983 S.W.2d at 670 ("[W]e reject the contention . . . that the statute does not begin to run until the conclusion of the appeal as of right proceedings."). In the present case, the judgment became final in December of 2006. The Petitioner did not file this petition for writ of error *coram nobis* until February 8, 2012, more than five years later.

The one-year statute of limitations for a petition for writ of error *coram nobis* may be tolled on due process grounds if a petition seeks relief based upon newly discovered evidence of actual innocence. *Harris*, 301 S.W.3d at 145. In determining whether the statute should be tolled, the court must balance the petitioner's interest in having a hearing with the State's interest in preventing a claim that is stale and groundless. *Id*. Generally, "before a state may terminate a claim for failure to comply with . . . statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Burford v. State*, 845 S.W.2d 204, 208 (Tenn. 1992). The *Burford* rule requires three steps:

(1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later arising," determine if, under the facts of the case, a strict application of

the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*Sands v. State*, 903 S.W.2d 299, 301 (Tenn. 1995). As a general rule, the claim at issue must not have existed during the limitations period to trigger due process consideration. *Seals v. State*, 23 S .W.3d 272 (Tenn. 2000). Discovery of or ignorance to the existence of a claim does not create a "later-arising" claim. *See Brown v. State*, 928 S.W.2d 453, 456 (Tenn. Crim. App. 1996); *Passarella v. State*, 891 S.W.2d 619, 635 (Tenn. Crim. App. 1994).

The Petitioner submitted an affidavit, signed November 23, 2011, by John D. Carter. The affidavit states that it is Mr. Carter's belief "that [the Petitioner] would be dead if he had not defended himself that night." He also alleges facts that he claimed he told the police but that were not included in the police report. Even though the affidavit is dated after the Petitioner's guilty plea on November 6, 2006, this allegation is not "later-arising" for the purposes of tolling the statute of limitations. This Court has previously held that "a subsequent third party confession does not affect the voluntariness of a guilty plea." *Newsome v. State*, 995 S.W.2d 129, 134 (Tenn. Crim. App. 1998). The *Newsome* Court reasoned as follows:

> By pleading guilty, the appellant admitted his factual guilt and waived his right to confront his accusers. *See, e.g., People v. Jackson*, 163 Misc.2d 224, 620 N.Y.S.2d 240, 241 (N.Y. Co. Ct. 1994). He may not seek, after the judgment has become final, to later recant his admission as to those facts by an allegation that a third party has confessed. Moreover, a third party confession is not so much "newly discovered evidence" as it is "newly disclosed" to the court. *See Travis v. State*, [776 So.2d 819, 846 (Ala. Crim. App. 1997) ].

*Id*. The Petitioner knew at the time he entered his guilty plea whether he was guilty of the murder. He had every opportunity to maintain his innocence but chose to admit guilt to shooting Mr. Mims. Furthermore, nothing prevented the Petitioner from raising challenges to the voluntariness of his plea or the effectiveness of his representation within the one-year statute of limitations.

Because the Petitioner's claim is not "later-arising," we do not address the third step in the analysis, namely the reasonableness of the delay. *See Sands*, 903 S.W.2d at 301. The Petitioner has failed to demonstrate that the statute of limitations should be tolled in his case; therefore, we conclude that the trial court properly dismissed his untimely petition for *coram nobis* relief. *See id.* The Petitioner is not entitled to relief.

## III. Conclusion

Based upon the foregoing reasoning and authorities, we affirm the trial court's dismissal of the Petitioner's petition.

_____

ROBERT W. WEDEMEYER, JUDGE